KELLY vs. McGEHEE, administratrix, et al.

1. Since the act of September 28th, 1881, (Pam. p. 53,) if the record contains a duly authenticated brief of the evidence accompanying a motion for new trial, but the bill of exceptions fails to refer thereto, it may be amended by adding the necessary reference.

2. One question in a case being whether a guardian had unduly influenced his ward upon arriving at age to sell him property, evidence as to the reason for the sale assigned by the ward after it was made, was not admissible in his own favor.

3. The charge of the court covered the requests so far as legal and authorized by the facts.

4. On exception to a master's report, if the jury fails to pass on an issue, the determination of which is necessary to a proper adjudication of the case, a new trial will be awarded.

Practice in Supreme Court. Evidence. Charge of Court. Verdict. Practice in Superior Court. Before Judge SIMMONS. Bibb Superior Court. October Adjourned Term, 1880.

Reported in the decision.

WHITTLE & WHITTLE, for plaintiff in error.

H. F. STROHECKER; WASHINGTON DESSAU, for defendants.

CRAWFORD, Justice.

1. A motion was made to dismiss this case on the ground that the bill of exceptions contained no reference to the brief of evidence, the errors assigned being on a motion for a new trial. And the motion would have been granted under section 4253 of the Code and decisions of this court under it, but for the act of the 28th of September, 1881, pamphlet laws 1880–1, p. 53. In section three of that act it is enacted "that no writ of error shall be dismissed in the supreme court of this state, when, by an amendment to the bill of exceptions, which is hereby declared to be lawful and allowable, any imperfection or omission of necessary and proper allegations could be corrected from the record in the case." The bill of exceptions here can be amended by referring to the record, which shows a brief of evidence approved by the court in this case. Therefore the case will not be dismissed.

2, 3, 4. Kelly, the plaintiff in error, was the ward of one William McGehee, the intestate of Eliza McGehee, the defendant in error.

Kelly reached his majority in October, 1873. His estate consisted of a house and lot near the city of Macon and the rents due therefrom.

Four months after his arrival at age in February, 1874, he sold his house and lot to McGehee, his guardian, for $700.00.

McGehee had no settlement with him as to his guardianship, nor did he pay over to him anything due from the rents.

In 1877 Kelly filed a bill against McGehee and his wife to recover the property sold, and for an account of the said McGehee as to the management of his estate.

He alleged his youth and inexperience in business, that he was induced to come to the city of Macon by his said guardian, and being there without money or friends, after

much persuasion, being unacquainted with the value of his property, and his guardian giving him no information as to his affairs, proposed to buy his house and lot, which he sold to him at $800.00, though he only paid him $700.00 therefor. That the property at that time was worth $2,coo.oo.

McGehee died before answering the bill, and his wife having been appointed administratrix answered both as administratrix and individually. She admitted the guardianship as charged, and the original ownership of the land in Kelly, as also the sale to McGehee, but denied any and all undue influence or fraud by McGehee in purchasing the land. She further admitted that there were rents due, and offered to pay them.

The case was referred to a master to pass on the law and facts.

His report was substantially, 1st. That McGehee, the guardian, though appointed in 1867, received no rents until June, 1870, and that from thence forward to February, 1874, he was indebted to his ward, after deducting credits, $585.20. 2d. That McGehee bought the house and lot for $700.00. 3d. That when Perry sold the property to McGehee there was no such relation of trustee and *cestui que trust* existing between the parties as to prevent McGehee from dealing with his former ward, notwithstanding the fact that no final settlement had been made; that while McGehee was liable to account for all his property, yet when Kelly attained his majority he was *sui juris* and free to act for himself. Such a purchase as this would not be illegal unless it was shown that the guardian, by reason of his former relation, or from any other cause, exercised an undue influence over the ward and perpetrated a fraud upon him.

Exceptions were filed to the report of the master and upon them the case was sent to a jury. Upon the trial thereof all the findings of the master, which were passed upon at all, were sustained. The complainant made a

motion for a new trial, which was refused and he excepted. The only grounds of the motion which we deem necessary to a proper decision of this case are:

(1.) That the court rejected the testimony of W. G. Johnson as to the reason Kelly gave for refusing to accept $950.00 from said Johnson, and yet took $700.00 from McGehee,—the reason Kelly gave being that he thought he could sell only to his guardian.

(1.) We think that this testimony was properly excluded, because Johnson was Kelly's witness, and this was an effort by Kelly to introduce by his own witness his own sayings, where he was himself a competent witness and had been sworn in the case.

(2.) Because the court did not charge as requested by complainant's counsel.

2. An examination of the judge's written charge, which accompanies the record, will show that the substance of these requests, though less pointedly given, are covered in so far as they are applicable to the facts submitted to the jury.

(3.) Because the jury failed to pass on the exception to the 8th finding, which is set out in full in this opinion as the third.

3. In the view which we take of this case, the failure to pass on this exception was error. It was the main question and the turning point of the case. The judge charged at length upon it, instructing the jury that it was a mixed question of law and fact, and how they were to apply the law thereto. Indeed, the whole question involved after the amount was fixed, was whether the relations existing between these parties were such as to make the ward look to the guardian for proper information, advice and counsel as to the sale of this property. Whether he withheld any information which good faith required that he should have given as to its value or otherwise. That the ward was free to act for himself is true, and that the guardian and ward may deal with each other is

also true; but it must be with the utmost fairness and frankness on the part of the guardian, disclosing everything which good conscience requires, and concealing nothing by which he is to be benefited.

We think, therefore, that a new trial should have been allowed.

Judgment reversed.