## CLARK *vs.* THE STATE OF GEORGIA.

There must be some distinct assignment of error in a bill of exceptions before it can be considered by this court.    If the language be so obscure or confused that no distinct assignment of error appears, the writ of error will be dismissed.

Practice in Supreme Court.    At February Term, 1882.

Reported in the decision.

E. G. SIMMONS; J. L. BLALOCK; J. W. BRADY, for plaintiff in error.

C. B. HUDSON, solicitor general; W. A. HAWKINS; ALLEN FORT, for the state.

JACKSON, Chief Justice.

The only attempt at an assignment of error in this bill of exceptions is couched in such language that we cannot well decipher its meaning. Certainly, it is not that clear and distinct assignment of error, or plain specification thereof, which the law demands. Code, §4251 ; 1 *Kelley*, 1 ; 38 *Ga.*, 554. It is in the following words :

" As on the hearing of said motion the new trial then and there prayed for was denied and refused, the said Emma Clark plaintiff in error as appears of entry on said motion which is now assigned as error."

Whether the error was based on the time of the hearing of the motion, or on the grounds of the motion, on the entry on the motion, or what, we do not see from these words. Indeed, there appears to be a full stop after the word " now," and the words "assigned as error" seem to stand alone, and refer to all that precedes it, if to anything.

The assignment of errors must appear distinctly in the bill of exceptions ; they must be plainly specified in it ; and the transcript of the record cannot cure the defect. No assignment of error appears, or can appear there.

Writ of error dismissed.