### Ruffin, Executrix, *vs.* Paris.

Equity, from Taylor.   Practice in Supreme Court.   Practice in Superior Court.
    Verdict.   Husband and Wife.   Debtor and Creditor.   Estoppel.   Notice.
    (Before Judge Willis.)

Jackson, C. J.—1. The fact that all of the defendants in the court
below are not made plaintiffs in error in this court will not work a dis-
missal of the writ of error.   Either.one of the defendants may bring
the case to this court, and the others may rest content with the judg-
ment below.

2  Where a motion for new trial is made, and exception is taken to
the ruling thereon, the evidence may be brought up in the record, but
it must be referred to in the bill of exceptions.   Where there is no re-
ference in the bill of exceptions to the brief of evidence, and a motion
is made to dismiss the writ of error, and thereupon a motion is made to
amend the bill of exceptions by adding a reference to the brief of evi-
denc:, the later motion will be sustained and the former overruled.
Code.  §4272 (b) ; 67 Ga., 364.

3. Where an issue of fact was submitted to the jury as follows :
" Has Whittington, (the defendant) put any improvements upon the
land, and if so how much were the improvements worth," and the jury
answered, " he has made improvements on thirty acres, worth six dol-
lars per acre," it will not require a new trial that the court did not sub-
mit issues requested as to what, if anything, the land would have been
worth for rent if Whitington had not cleared it up, and whether the
clearing benefited or injured the land.   The question submitted and its
answer covered the issue which the defendant desired, so far as it was
necessary to the making of a proper decree in the case.

4. There was sufficient evidence to support the findings of the jury
to the effect that the husband purchased the land with the wife's money,
paid for it with such money which she gave him to buy the land for her
own benefit, and that one who made an advance and took a security

·deed knew of the facts, and that one hundred dollars had been paid to him.

5. Where the jury found, in answer to one issue submitted to them, that the money was loaned to the husband and wife jointly, and in answer to another issue found that the note was given by the husband and wife for the husband; there was no necessary conflict between such findings; but giving the verdict a reasonable intendment and interpretation, these findings were that the husband could not have obtained the loan in his own name and on his own-credit alone, but had to get his wife to sign with him, which she did for him.

6. The verdict is not so contradictory as not to authorize-a decree thereon, nor did the court err in entering under the verdict a decree that the complainant recover the land and mense profits, less the value ·of improvements.

7. The verdict is not contrary to law and evidence or to the equity of the case. .

(a.) A wife cannot convey her property to secure her husband's debt, nor can she become his security to obtain money or cotton for him; and where a lender took her deed with knowledge that she was conveying her land to secure her husband's debt, she could recover the land from him, and her deed would not estop her from so doing.

(b.) The verdict and decree allowed the defendant all that the law allows a trespasser buying with knowledge, namely, the value of his improvements as a set off against rents which those improvements caused, to be deducted from such rents. Code, §3468.

Judgment affirmed.

W. S. Wallace & Son, for plaintiff in error.

A. A. Carson; C. J. Thornton, for defendant.