## McCANDLESS *v.* RODGERS.

*Simmons, C. J.*—The bill of exceptions in this case is in many respects so obviously defective and incomplete that it presents no question which this court can intelligently consider and pass upon.                              *Judgment affirmed.*

November 2, 1896.   Argued at the last term.

Practice in Supreme Court.

The bill of exceptions sets forth that a bill for injunction, in which S. C. McCandless was complainant and R. L. Rodgers respondent, came on to be heard before Judge John S. Candler at chambers in Atlanta on March 13 (no year being stated); that upon considering said bill "the same was denied; and now comes S. C. McCandless within twenty days from said decision refusing said bill for injunction and alleges said denial to be error." The bill of exceptions nowhere shows in what county or in what court the litigation was pending. It states that certain things were the only parts of the record necessary to a clear understanding of the error complained of, but does not state what parts of the evidence were material, nor does it state that no evidence was introduced upon the hearing. It does not appear from the bill of exceptions when the decision complained of was rendered. The certificate of the judge to the bill of exceptions says nothing as to the evidence, but states that the bill of exceptions is true and specifies all of the record necessary. It also contains the following: "This bill of exceptions signed with this additional statement of fact: The hearing of the bill was on the 13th of March. I reserved my judgment until the 21st March,

when the injunction was denied. I gave papers with order to my clerk in Atlanta, to mail to clerk of superior court of Butts county. I returned to my office in Atlanta from one of my outside courts on March 30th, and found that clerk in my office had neglected to forward papers with order denying injunction to clerk Butts superior court. I at once forwarded same to clerk, and wrote letter to clerk with papers, requesting him to notify Mess. Ray & Ray of order at once. They represent to me that the clerk of Butts superior court did not notify them of my having filed papers and order with him on 30th March until 13th of April. They have tendered me this bill of exceptions on 16th April; and while it is already too late unless order is treated of date March 30th, 1896, which being the date of the rendition and filing order in clerk's office Butts superior court, should be treated as the date denying the injunction." This certificate was dated April 16th, 1896. No certificate whatever of the clerk of the superior court as to the bill of exceptions appears upon the bill of exceptions, but in the transcript of the record, not attached in any way to the bill of exceptions, appears a certificate as follows: "Georgia, Butts county. I do certify that the within is the true original bill of exceptions which was filed in my office," etc. This certificate follows certain portions of the record and precedes other portions.

*Ray & Ray*, for plaintiff.
*Robert L. Rodgers*, for defendant.