## WINN *v.* THE STATE.

A bill of exceptions which contains no assignment of error whatever presents no question for determination, and its dismissal can not be prevented by a proposed amendment assigning error for the first time in this court.

Submitted January 15,—Decided February 15, 1906.

*M. W. Harris* and *J. F. Urquhart,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.

EVANS, J. The bill of exceptions recites, that the defendant was tried for the offense of assault and battery, in the city court of Macon, and was convicted by the jury; that a motion for a new trial was made and an approved brief of the evidence was duly filed, and

that the motion for a new trial was amended. The bill of exceptions then continues: "Said motion for a new trial was then and there heard and argued, and on said date he [the judge] passed an order denying and overruling said original and amended motion upon each and every ground thereof. Now comes the defendant in said case, Pearl Wynn, who was the movant in said motion, and who is now plaintiff in error, and, in order to carry said case to the Supreme Court by bill of exceptions, specifies the following portions of the record as material in the case to a clear understanding of the errors complained of." Then follow certain specifications of the record, and the bill of exceptions closes with the prayer that it "be approved as true and correct, and be certified to according to law, and that the clerk of the court be required to make out a complete copy of such parts of the record as are in this bill of exceptions specified, and to certify the same as such, and together with this bill of exceptions transmit the same to the present term of the Supreme Court, that the errors alleged to have been committed may be considered and corrected." The plaintiff in error moved in this court to amend the bill of exceptions by assigning error on the overruling of the motion for a new trial, because, as he insists, each and every ground of the original and amended motion should have been sustained for the reasons therein set forth.

The bill of exceptions utterly fails to make any assignment of error. *Williams* v. *Augusta Southern R. Co.,* 98 *Ga.* 392. When a bill of exceptions contains no assignment of error, the uniform practice has been to dismiss the writ of error. *Goneke* v. *Garrett,* 6 *Ga.* 119; *Anderson* v. *Baker,* 58 *Ga.* 604; *Sewell* v. *Conkle,* 64 *Ga.* 436; *Clark* v. *State,* 68 *Ga.* 784; *Dismukes* v. *Bainbridge State Bank,* 99 *Ga.* 179; *Case* v. *Brotherton,* 105 *Ga.* 510; *Gunter* v. *Smith,* 113 *Ga.* 19; *Jackson* v. *Fitzpatrick,* 114 *Ga.* 364; *Atlantic R. Co.* v. *Penny,* 119 *Ga.* 479; *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 518; *Newberry* v. *Tenant,* 121 *Ga.* 561; *Williams* v. *R. Co.,* supra. Counsel for the plaintiff in error seeks to avoid this effect by offering an amendment, for the first time in this court assigning error; and relies upon the Civil Code, §5570, which provides that no writ of error shall be dismissed when, "by an amendment to the bill of exceptions, . . any imperfection or omission of necessary and proper allegations could be corrected from the record in the case." Amendments allowable under this section are, by its own

terms, confined to such imperfections or omissions of necessary and proper allegations as can be cured by or supplied from the transcript of the record. *Jones* v. *Gill,* 121 *Ga.* 93. Under this section, a bill of exceptions may be amended by referring to the brief of the evidence, if it be contained in the transcript (*Kelly* v. *McGehee,* 67 *Ga.* 364) ; or by adding coplaintiffs in error, if the bill of exceptions be sued out by a party having the right to except (*Orr* v. *Webb,* 112 *Ga.* 806, 810), and the record discloses that they might properly have been joined with him (*Griffith's* case, 111 *Ga.* 551) ; or by correcting a recital of fact made in the bill of exceptions, which the record shows is erroneous. *Parks* v. *Johnson,* 79 *Ga.* 567 ; *Ramey* v. *O'Byrne,* 121 *Ga.* 516. But a bill of exceptions which does not specify any error is not amendable, as was pointed out in *Turner* v. *Alexander,* 112 *Ga.* 820, in which case section 5584 of the Civil Code, declaring that this court "shall not decide any question unless it is made by a special assignment of error in the bill of exceptions," was construed in connection with section 5569, which provides that the Supreme Court shall not "dismiss any case for any want of technical conformity to the statutes or rules regulating the practice in carrying cases to that court, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." As was then held, where there has been any bona fide attempt to comply with the statutory requirement of specifically stating in the bill of exceptions the. errors of which the losing party wishes to make complaint, the writ of error will not be dismissed if there be any assignment of error which, viewed in the light of the record, is sufficiently certain and definite to enable this court to ascertain substantially the real question or questions which the excepting party seeks to have decided. But it is obvious that a total disregard of the necessity of excepting to some adverse ruling or judgment is not lightly or flippantly to be termed a mere "want of technical conformity" to a mandatory statute which requires, not only that the ruling or judgment shall be unequivocally excepted to, but that the real or supposed error committed by the trial court shall be specifically pointed out by a "special assignment of error in the bill of exceptions." A bill of exceptions in which the complaining party fails to except to anything is an anomaly, if it can be dignified by being

classed as anything at all. If life could be breathed into it, after it had been transmitted to this court, by then for the first time inserting an assignment of error, for a much greater reason would it be permissible to add new and distinct assignments of error to those specified in a bill of exceptions which is such in fact as well as in name. Yet this can not be done, directly by amendment to the bill of exceptions (*Ganahl* v. *Shore,* 24 *Ga.* 17), nor by indirection under the guise of amending the grounds of a motion for a new trial to the overruling of which exception is taken. *Miller* v. *State, 121 Ga.* 135. A bill of exceptions which is "so obviously defective and incomplete that it presents no question which this court can intelligently consider and pass upon" does not in any sense comply with the practice prescribed for bringing cases to this court. *McCandless* v. *Rodgers, 99 Ga.* 636. If it contains no exception to any judgment, ruling, or decree, it is lacking in that essential which gives to it its very name, and there is nothing to amend by, even were amendment in the Supreme Court otherwise than from the transcript of the record in any case permissible. Total disregard of prescribed rules of procedure amounts to something more than a "want of technical conformity" thereto. The statutory requirement that a judgment must, as a condition precedent to its being brought under review before the Supreme Court, be excepted to by the party dissatisfied therewith is certainly as important and as imperative as the requirements that a bill of exceptions must be signed by the excepting party or his counsel, be sued out in the name of a party to the case who has an interest in setting aside the judgment, and that an entry be made on the bill of exceptions showing service upon or an acknowledgment of service by all parties interested in sustaining the judgment. Yet a failure to observe any of these requirements is fatal, and a dismissal of the writ of error can not be evaded by any proffered amendment to the bill of exceptions. See (1) *Sumner* v. *Sumner,* 116 *Ga.* 798; (2) *Swift* v. *Thomas,* 101 *Ga.* 89; (3) *Crow* v. *State,* 111 *Ga.* 645. Nor can a defective bill of exceptions be completed, after it reaches this court, by inserting an omitted specification of a portion of the record (*Pyne* v. *State,* 113 *Ga.* 725), since the law does not so authorize.          *Writ of error dismissed. All the Justices concur.*