## STEWART *v.* MARIETTA TRUST & BANKING CO.

129　417
Case 2
f129　630

1. Under the rulings in *Lyndon* v. *Georgia Ry. & Electric Co.,* 129 *Ga.* 354, 58 S. E. 1047, a general assignment of error on the judgment of the court, to which the case was submitted without the intervention of a jury, is not sufficient to raise any question of error as to the judgment itself, but is sufficient to give the reviewing court jurisdiction to consider specific assignments of error, sufficiently and properly made, on rulings which preceded the final judgment. And where there

is a general exception to the final judgment, this court will consider specific assignments of error on the antecedent rulings which entered into and affected the final result, and determine whether any error was committed, and, if so, whether it was such as to require a new trial. The motion to dismiss is therefore overruled.

2. The only assignments of error which are sufficiently and properly made in the bill of exceptions are not referred to in the brief of counsel for the plaintiff in error; and under repeated rulings of this court, they will be treated as abandoned.

3. Assignments of error which are too vague and general to be considered can not be made specific by amending the bill of exceptions after it reaches this court. This would be, in effect, permitting the plaintiff in error to raise in this court new points which he did not raise in his bill of exceptions when it was made up and certified. *Winn* v. *State*, 124 *Ga.* 811.

Argued June 22,—Decided November 12, 1907.

Claim. Before Judge Bartlett. Polk superior court. September 8, 1906.

An issue raised, by the interposition of a claim by the Marietta Trust & Banking Co., to the levy of a fi. fa. in favor of Stewart upon certain lands alleged to belong to Camp, defendant in fi. fa., was submitted to the presiding judge without the intervention of a jury. The court rendered a judgment in favor of the claimant, to which the plaintiff in fi. fa. excepted, his exception being in the following words: "The court took the case under consideration, and rendered judgment in said case in favor of the claimant, . . which judgment plaintiff in fi. fa. now assigns as error."

*Gleaton & Gleaton,* for plaintiff.  *D. W. Blair,* contra.

BECK, J. (After stating the facts.) In the bill of exceptions there are to be found several assignments of error upon the admission and rejection of testimony, but none of these assignments of error was argued or insisted upon in the brief of counsel for plaintiff in error; and therefore they are treated as abandoned. *Hamilton* v. *Rogers,* 126 *Ga.* 27. The argument in the brief relates exclusively to plaintiff's contention that the transfer of a certain bond for titles to the claimant was void because the transaction was infected with usury. Whether or not that transaction was so infected with usury as to be void is a question which was sought to be raised by an amendment offered to the bill of exceptions, amending the general exception to the court's final judgment and ruling. As ruled in the headnotes, this amendment to the bill of exceptions can not be considered; and under previous rulings of

this court, the general exception, as it stood at the time when the bill of exceptions was certified, is too general and defective to raise any question for decision by this court. *Smith* v. *Marshall*, 127 *Ga.* 374.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*