### TAYLOR *et al. v.* WRIGHT.

1. By agreement of counsel for both parties this case was submitted to the trial judge "to decide on the law and the facts without intervention of a jury." After the conclusion of the evidence the judge rendered a decision in favor of the defendant, disposing of the same upon the law and the facts; the only exception to which is in the following words: "To which finding and judgment of his honor, the judge, the plaintiff in error excepted and now excepts, and assigns the same as error." *Held,* that such assignment of error is too general to raise any question for determination by this court; and there being no other assignment of error which can, under the judge's certificate to the bill of exceptions, be considered, the writ of error is, upon motion, dismissed. *Lyndon* v. *Georgia Ry. & Elec. Co.,* 129 *Ga.* 353 (58 S. E. 1058).

2. Assignments of error which are too vague and general to be considered can not be made specific by amending the bill of exceptions after it reaches this court. *Stewart* v. *Marietta Trust Co.*, 129 *Ga.* 418 (59 S. E. 231).

Argued January 5,—Decided May 13, 1909.

Eviction; from Newton. Motion to dismiss writ of error.

*F. C. Foster,* for plaintiffs.

*Middlebrook, Rogers & Knox,* for defendant.

BECK, J. In addition to the general exception stated in the headnote there were specific exceptions to the rulings of the court upon the question of the admissibility of certain oral testimony; but the judge in his certificate to the bill of exceptions states that this evidence was rejected by him and was not considered in reaching his finding and judgment as rendered; leaving as the only question to be considered the judgment which disposed of the case upon the law and the facts. And, as we have ruled in the headnote, that assignment was too general to raise any question for consideration or determination here. *Smith* v. *Marshall,* 127 *Ga.* 374 (56 S. E. 416).

*Writ of error dismissed. All the Justices concur.*