#### 4850. OCEAN STEAMSHIP CO. *v.* BLUMBERG & SONS.
#### 4874. WILSON *v.* BROOKS SIMMONS CO.

When it is claimed that a judgment should be reversed on account of some error in the trial, antecedent to the final judgment, which was of controlling effect upon the judgment, a final exception to the judgment is necessary, to confer jurisdiction upon the Court of Appeals; and a bill of exceptions in which there is no assignment of error upon the final judgment is not amendable in that respect.

DECIDED OCTOBER 31, 1913.

Actions from city court of Savannah and city court of Statesboro.

*Lawton & Cunningham,* for Ocean Steamship Company.

*Thomas F. Walsh Jr.,* for Blumberg & Sons.

*J. J. E. Anderson, Hines & Jordan,* for Wilson.

*F. T. Lanier,* for Brooks Simmons Company.

RUSSELL, J. In Ocean Steamship Company *v.* Blumberg exception is taken to the refusal of the court to charge the jury in accordance with a written request for instructions, and in Wilson *v.* Brooks Simmons Company the exception is to the order of the judge sustaining the motion to strike the defendant's answer. In neither case is there any assignment of error upon the final judgment rendered in the case, or even a general exception thereto. In *Lyndon* v. *Georgia Ry. & Electric Co.,* 129 *Ga.* 354 (58 S. E. 1047), it was held that "If the ruling or decision complained of as erroneous is one preceding the final judgment, and if it is specially made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of,

---

See footnote on page 817, ante.

which entered into and affected the further progress or final result of the case, a general exception to the final judgment and an exception to and a specific assignment of error on the antecedent ruling will suffice, relatively to the point now under consideration, to give the reviewing court jurisdiction." Counsel for the plaintiffs in error in the cases now before us recognize the well-settled rule that when a bill of exceptions contains no assignment of error, the uniform practice has been to dismiss the writ of error (*Goneke* v. *Garrett,* 6 *Ga.* 119; *Anderson* v. *Baker,* 58 *Ga.* 604; *Sewell* v. *Conkle,* 64 *Ga.* 436; *Clark* v. *State,* 68 *Ga.* 784; *Dismukes* v. *Bainbridge State Bank,* 99 *Ga.* 179 (25 S. E. 181); *Case* v. *Brotherton,* 105 *Ga.* 510 (31 S. E. 174); *Gunter* v. *Smith,* 113 *Ga.* 18 (38 S. E. 374); *Jackson* v. *Fitzpatrick,* 114 *Ga.* 364 (40 S. E. 234); *Atlantic & B. R. Co.* v. *Penny,* 119 *Ga.* 479 (46 S. E. 665); *Citizens Bkg. Co.* v. *Paris,* 119 *Ga.* 518 (46 S. E. 638); *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621)), and, to avoid dismissal, they request to be permitted to amend the bill of exceptions by assigning error for the first time in the amendment.

It is, of course, well settled that under the provisions of section 6184 of the Civil Code, dismissal of the bill of exceptions is to be avoided whenever "by an amendment to the bill of exceptions . . any imperfection or omission of necessary and proper allegations could be corrected from the record in the case." However, by the very terms of the code section, the amendments allowable are confined to such imperfections as can be cured by or supplied from the transcript of the record. *Jones* v. *Gill,* 121 *Ga.* 93 (48 S. E. 688). In *Turner* v. *Alexander,* 112 *Ga.* 820 (38 S. E. 35), it was held that where there was any bona fide attempt to comply with the statutory requirement of specifically stating in the bill of exceptions the error of which the plaintiff in error wishes to complain, the writ of error will not be dismissed, if there be any assignment of error which, viewed in the light of the record, is sufficiently certain and definite to enable a reviewing court to ascertain substantially the real question which the excepting party seeks to have decided. From this it might appear that where the sole complaint is that the final judgment is wrong because it was necessarily dependent upon and naturally followed an antecedent ruling which is plainly set forth and specified, we would be able in each of these cases to determine the question presented by the exceptions to the

interlocutory ruling. However, in view of the ruling in *Lyndon* v. *Ga. Ry. & Electric Co.,* supra, as well as of prior rulings of the Supreme Court, it is evident that without an exception to the final judgment, a bill of exceptions is so incomplete as to fail to confer jurisdiction upon the reviewing court. It is well settled that a bill of exceptions may be amended by referring to the brief of evidence, if it be contained in the transcript (*Kelly* v. *McGehee,* 67 *Ga.* 364), by adding coplaintiffs in error, if the record discloses that they might properly have been joined in it (*Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 551, 36 S. E. 859), or by correcting a recital of fact made in the bill of exceptions, which the record shows is erroneous (*Parks* v. *Johnson,* 79 *Ga.* 567, 5 S. E. 243; *Ramey* v. *O'Byrne,* 121 *Ga.* 516, 49 S. E. 595). But since a bill of exceptions which does not specify any error is not amendable, being not only an anomaly, but incapable, as said by Justice Evans in *Winn* v. *State,* 124 *Ga.* 811 (53 S. E. 318), of being "dignified by being classed as anything at all," it is absolutely void. "If life could be breathed into it after it had been transmitted to this court, by even for the first time inserting an assignment of error, for the much greater reason would it be permissible to add new and distinct assignments of error to those specified in the bill of exceptions which is such in fact as well as in name." That this can not be done directly by amendment to the bill of exceptions was held in *Ganahl* v. *Shore,* 24 *Ga.* 17, and it was held in *Miller* v. *State,* 121 *Ga.* 135 (48 S. E. 904), that an amendment could not be effected indirectly by amending the grounds of a motion for new trial, to the overruling of which exception had been taken. The amendments offered in both cases before us must be rejected, under the rulings of the Supreme Court in *Winn* v. *State,* supra, *Stewart* v. *Marietta Trust & Bkg. Co.,* 129 *Ga.* 418 (59 S. E. 231), and *Taylor* v. *Wright,* 132 *Ga.* 586 (64 S. E. 656).

Though an interlocutory ruling of which complaint is made may have been controlling in shaping the final judgment rendered, not only is an exception to the final judgment rendered in the case necessary, in order to confer jurisdiction, as held in the *Lyndon* case, supra, but even if this were not so, the reviewing court, without such exception to the final judgment, would not know that the plaintiff in error was in fact dissatisfied with the result in the case, and would thus subject itself to the risk of deciding a mere moot ques-

tion. The total disregard of the necessity of excepting to the judgment which fixes the final result of the case is not to be flippantly termed a mere want of technical conformity to the statute which requires that a judgment shall be unequivocally excepted to. And while, under the provisions of section 6183 of the Civil Code, it is made unlawful to dismiss a case for want of technical conformity to the statutes or rules regulating the practice in carrying cases to this court where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain the real questions in the case which the parties seek to have decided, this provision can not have reference to a case in which, by the failure of the plaintiff in error to complain of the final judgment, there is a failure to confer upon this court jurisdiction to review the final judgment of the lower court.

*Writs of error dismissed.*

---

See footnote on page 817, ante.