## PRATER et al. v. CRAWFORD, administratrix, et al.

PER CURIAM. 1. By section 6138 of the Civil Code (1910) it is declared: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto."

2. It has been held that a direct bill of exceptions to a ruling made pendente lite, which does not assign error upon any final judgment, or a judgment which would have been final if rendered as claimed by the plaintiff in error, will not be entertained by this court. *Lyndon* v. *Georgia Ry. & El. Co.,* 129 *Ga.* 353 (58 S. E. 1047), and cases cited; *Morris* v. *Dougherty,* 132 *Ga.* 346 (63 S. E. 1114); · *Taylor* v. *Wright,* 132 *Ga.* 586 (64 S. E. 656); *Rorie* v. *Rorie,* 138 *Ga.* 335 (75 S. E. 138); *Hester* v. *Mallary Machinery Co.,* 142 *Ga.* 320 (82 S. E. 884).

(a) Section 6144 of the Civil Code, which provides that "In any. case where the judgment, decree, or verdict has necessarily been controlled by one or more rulings, orders, decisions, or charges of the court, and the losing party desires to except to such judgment, decree, or verdict, and to assign error on the ruling, order, decision, or charge of the court," it may be done in a certain manner, does not authorize a direct exception to an interlocutory ruling (not final in its nature, and which would not have been final if rendered as claimed by the plaintiff in error) without excepting to the "judgment, decree, or verdict."

(b) The question of the right to except to the overruling of a motion for a new trial, or whether there is any difference between a general verdict and a special one, is not here involved. There was no motion for a new trial in the present case.

3. Where exceptions of law and fact to an auditor's report in an equitable case were filed, and were overruled by the presiding judge, this was not a final judgment. Nor was the overruling of the motion to recommit the case, or a part of it, to the auditor a final judgment. Civil Code (1910), § 5147; *Woods* v. *Woods,* 5 Ind. Ter. 475 (82 S. W. 878).

(a) In *Parker* v. *Waycross & Fla. Ry. Co.*, 81 *Ga.* 387 (8 S. E. 871), exceptions to the report of an auditor were filed. A consent order was taken, by which the case was submitted to the court without the intervention of a jury, with provisions that the judge should pass upon the case under the evidence reported by the auditor, giving to the auditor's report the effect to which it was by law entitled; that, if he should overrule all of the plaintiff's exceptions, he might file a judgment for the defendant; that, if he should sustain any such exceptions, he should determine what, if anything, should be recovered by the plaintiff, and should file his judgment accordingly; that any judgment so rendered should be as valid and binding as a judgment entered on the verdict of a jury; and that either party dissatisfied with such judgment might except to the same within thirty days of the filing thereof, and take the case to the Supreme Court in the manner provided by law. (This order is partly reported in the printed volume, but is here more fully stated from the record on file in the office of the clerk of this court.) The presiding judge filed a decision, discussing the various issues in the case. He overruled the exceptions to the auditor's report, except in one particular, holding that as to a certain item the plaintiff was entitled to recover; and accordingly entered judgment for the plaintiff for the amount involved in that item alone, in effect adjudging against the plaintiff's claims, with that exception. The plaintiff excepted to certain parts of the opinion or decision which were adverse to him, including the overruling of the exceptions filed by the plaintiff to the auditor's report (with the exception mentioned). Under the facts stated, the decision and judgment filed by the presiding judge constituted a final judgment, and the plaintiff, not being allowed to recover except as to a fractional part of his claim, could except thereto. The defendant excepted to the judgment against it for any amount, and thus the case was before this court, both as to that portion of the judgment which held against the plaintiff and as to that portion which held against the defendant. The difference between this judgment and the rulings now sought to be brought up by direct exceptions is obvious.

(b) There was no exception to any final judgment in this case, but only to interlocutory rulings; and on motion the writ of error must be dismissed.

　　　　　　　*Writ of error dismissed. All the Justices concur.*
　　　　　　　　　JULY 16, 1915.

Exceptions to auditor's report; from Fulton. Motion to dismiss.

*J. S. James, Albert Kemper,* and *J. R. Bedgood,* for plaintiffs.

*Dorsey, Brewster, Howell & Heyman, Rosser & Brandon, Burton Smith,* and *R. R. Arnold,* for defendants.