### 8718.  HAYWOOD *v.* STEPHENS *et al.*

Where a case is submitted to an auditor who files a report, and there is a motion to recommit the case, the judgment overruling the motion is not a final judgment, and a bill of exceptions to such a ruling will not be entertained by this court.

DECIDED DECEMBER 14, 1917.

Complaint; from Hall superior court—Judge J. B. Jones. February 2, 1917.

. *Hammond Johnson,* for plaintiff in error.

*Joseph G. Collins, W. I. Hobbs,* contra.

PER CURIAM. The bill of exceptions in this case is as follows: "Be it remembered: in the case of George W. Stephens et al. St. Mark's Lodge No. 75 F. & A. A. Y. Masons against Robert Haywood, returnable to the July term, 1914, of the superior court of Hall county, Georgia, being an action for money had and received, etc., the court, on the 20th day of July, 1916, referred said case for a hearing to an auditor, and appointed W. V. Lance to hear said case as auditor. 2nd. That on September 25th, 1916, the evidence was heard in said case before W. V. Lance, Esq., as auditor, and argument of counsel was had before the auditor in the same on Dec. 18th, 1916; and on Dec. 22nd, 1916, said auditor filed his report in the office of the clerk of Hall superior court in said case, finding the issues in said case against the said Robert Haywood, plaintiff in error. 3rd. That on Jan. 10th, 1917, within the time allowed by law after the filing of the report by the auditor, counsel for plaintiff in error filed in the office of the clerk of Hall superior court a written motion to recommit said case to the auditor, and also written exceptions to the auditor's report,

both of law and of fact, notice of both of which counsel for plaintiff in error gave to both the auditor and counsel for defendant in error on that same day by serving each of them with a copy of said motion to recommit and of said exceptions to the auditor's report. 4th. That said case coming on to be heard before his honor Judge J. B. Jones, at the January, 1917, term of Hall superior court, upon the motion to recommit said case to the auditor, and upon the exceptions to the auditor's report, counsel for the parties agreed to submit all questions of law and of fact arising from the issues in said case to his honor Judge J. B. Jones during vacation, with full power to him to determine the same and enter up a final decree in said case without the intervention of a jury, with the full and usual rights of exception preserved to the parties in the same manner as if the case had been disposed of at a regular term. 5th. That said case coming on, under said agreement, to be heard before his honor Judge J. B. Jones, on the 3rd day of February, defendants in error filed their answer to the motion to recommit; and after argument of counsel upon the same, the court overruled the motion of plaintiff in error to recommit said case to the auditor for the reasons and upon the grounds set out in the motion to recommit said case. To this ruling and the refusal of the court to recommit said case to the auditor and to sustain the motion of plaintiff in error to recommit said case to the auditor, plaintiff in error excepted and now excepts, and assigns the same as error upon the ground that said ruling and refusal to recommit said case to the auditor and to sustain the motion to recommit said case to the auditor was contrary to law. 6th. To that part of the judgment and decree in said case entered up by the court in which the court decrees as follows: "and the motion to recommit is overruled on answer to motion to recommit and the evidence of waiver before the court appearing in said answer sworn to, by appearing and participating and not objecting and calling attention to taking oath on part of defendant and his attorney, and estoppel after report to raise the objection," the plaintiff in error excepts and now excepts, and assigns the same as error on the ground that said judgment and decree and the part thereof above set out is contrary to law; and that it was contrary to law for the court to overrule said motion to recommit the case to the auditor and to refuse to recommit said case to the auditor.

7th. To the action of the court in refusing to recommit said case to the auditor, and in overruling the motion to recommit said case to the auditor, plaintiff in error excepted and now excepts, and assigns the same as error upon the ground that the same was contrary to law, and that the court having overruled the motion to recommit said case to the auditor and having refused the motion to recommit said case, and having refused to recommit said case to the auditor, and such refusal, as plaintiff in error contends, being controlling in effect, the judgment and decree rendered in said case could not be and is not a legal termination of the case." Defendant in error filed its motion to dismiss the writ of error in this case, upon the following grounds: "1st. Because the bill of exceptions does not set out any error that gives this court jurisdiction to review said case. 2nd. Because said bill of exceptions is a direct bill of exceptions to the judgment refusing to recommit the case to auditor, which is only a pendente-lite ruling, and can not be excepted to unless some final judgment also is excepted to on which to base said exception. 3rd. Because said bill of exceptions does not assign error upon any final judgment or upon any judgment which would have been final as to plaintiff in error or as to any party thereto if same had been rendered as claimed by plaintiff in error."

Section 6138 of the Civil Code of 1910 is in part as follows: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." In *Prater* v. *Crawford*, 143 *Ga.* 709 (85 S. E. 829), the decision (paragraph 3) says: "Where exceptions of law and fact to an auditor's report in an equitable case were filed, and were overruled by the presiding judge, this was not a final judgment. Nor was the overruling of the motion to recommit the case, or a part of it, to the auditor a final judgment." The instant case is clearly distinguishable in its facts from the case of *Parker* v. *Waycross & Fla. R. Co.*, 81 *Ga.* 387 (8 S. E. 871).

There being in this case no exception to any final judgment, but only exceptions to an interlocutory ruling, and a motion to dismiss the writ of error having been made, the motion must prevail.

*Writ of error dismissed. Broyles, P. J., and Bloodworth and Harwell, JJ., concur.*