MURPHY *et al. v.* DISTRICT GRAND LODGE No. 18 *et al.*

FISH, C. J.  1. "Where exceptions of law and fact to an auditor's report in an equitable case were filed, and were overruled by the presiding judge, this was not a final judgment. . . Civil Code (1910), § 5147"; *Prater* v. *Crawford*, 143 *Ga.* 709 (85 S. E. 829) ; *Kency* v. *District Grand Lodge*, 148 *Ga.* 515 (97 S. E. 439). .

2. Hester Murphy et al. were intervenors in the case of Jones et al. *v.* District Grand Lodge No. 18, etc.  The claim of the intervenors was referred to an auditor, who, after a hearing, made and filed his report containing his findings of law and findings of fact, to which. findings of both law and of fact the intervenors filed exceptions; upon a hearing of which the court made the following order: "This case coming on for a hearing on exceptions of fact and law, and after hearing the same, it is considered, ordered, and adjudged by the court that the exceptions of fact are disapproved and the exceptions of law overruled."  The intervenors assigned error upon the granting of this order.  The bill of exceptions contains no other assignment of error, nor is it stated therein that anything further was done in the case.  Under the numerous rulings of this court, two of which are above cited, the motion to dismiss the writ of error must be sustained.

3. The ruling herein made can not be adversely affected by the following recital in the bill of exceptions, viz.: "That the said order and judgment of the court . . was and is a final determination of said case."  Such recital is not borne out by the record.

> *Bill of exceptions dismissed.  All the Justices concur.*

No. 830.  JANUARY 14, 1919.

Exceptions; from Fulton.  Motion to dismiss.

*T. J. Ripley* and *P. A. Allen,* for plaintiffs in error.

*C. P. Goree, Brandon & Hynds,* and *Rosser, Slaton, Phillips & Hopkins,* contra.