## HARWELL *v.* COWAN; *et vice versa.*

GILBERT, J. 1. Every change in the personnel of a partnership, such as the withdrawal of a member or admitting a new one, works a dissolution. 20 R. C. L. 954, § 178; *Richards* v. *Butler*, 65 *Ga.* 593, 598 (2); *Preston* v. *Garrard*, 120 *Ga.* 689, 690 (48 S. E. 118, 102 Am. St. R. 124, 1 Ann. Cas. 724). Civil Code (1910) § 3162 does not state all of the means of dissolving a partnership.

2. "No partner, by assigning his interest or otherwise, can introduce a new partner without the consent of the others, unless such power is reserved in the contract." Civil Code (1910), § 3173.

3. Under the pleadings and the evidence, considered in the light of both bills of exceptions, the decree rendered is not erroneous for any reason assigned. The judgments of which complaint is made are affirmed.

*Judgments affirmed. Russell, C. J., Beck, P. J., and Hill and Gilbert, JJ., concur.*

Nos. 8901, 8902. JUNE 15, 1932. REHEARING DENIED JULY 16, 1932.

**36**

*W. H. Terrell* and *W. C. Munday,* for plaintiff.

*A. E. Wilson,* for defendant.

ON MOTION FOR REHEARING.

Harwell, plaintiff in error, moves for a rehearing. He contends that the judgment of the trial court should be reversed, first, because that court rendered two contradictory judgments; and second, because Cowan was not entitled to "reimbursement of $650.00 with interest," that being the amount of the incumbrance on the partnership property at the time of Harwell's purchase. Neither of these points is well taken. "Where exceptions of law and fact to an auditor's report in an equitable case were filed, and were overruled by the presiding judge, this was not a final judgment. Nor was the overruling of the motion to recommit the case, or a part of it, to the auditor a final judgment. Civil Code (1910), § 5147; Woods *v.* Woods, 5 Ind. Ter. 475 (82 S. W. 878)." *Prater* v. *Crawford,* 143 *Ga.* 709 (85 S. E. 829) ; *Kency* v. *District Grand Lodge,* 148 *Ga.* 515 (97 S. E. 439) ; *Murphy* v. *District Grand Lodge,* 148 *Ga.* 648 (97 S. E. 858) ; *Huson* v. *Bank of Covington,* 158 *Ga.* 434 (2) (123 S. E. 742) ; *Lingo* v. *Rich,* 169 *Ga.* 628 (151 S. E. 387) ; Civil Code (1910), § 5147. The first judgment rendered, which movant contends is contradictory to the later judgment, expressly disapproved the conclusions of the auditor and recommitted the case for further consideration. This judgment not being final, and no exception pendente lite having been taken to the order of recommittal, the case stood as it did before the first reference to the auditor. Such an order did not become final and unalterable when the term of court closed. If in fact the later order contradicted the first order, that affords in itself no reason for reversing the final judgment. The real question is whether the final judgment is erroneous, because contrary to law or evidence. The first judgment may have been either right or wrong without causing a reversal of the later judgment. The later must stand upon its own merits as measured by the assignments of error directed to it.

The final decree required the sale of the partnership property; that the $650 incumbrance, covering all of the property at the time

of the Harwell purchase, be first paid off. That manifestly was correct; and it did not amount to a "reimbursement" of Cowan. It went to the creditor of the partnership, not to Cowan. The creditor had that legal preference when Harwell bought. Cowan, under the decree, was only to be "reimbursed" should he pay off the $650 incumbrance. If he did so, he then would stand in the shoes of the former creditor. That provision could not be wrong. The final decree enumerated all of the property owned by the copartnership at the time of Harwell's purchase, and ordered that specific property be sold, the net proceeds to be equally divided between Harwell and Cowan. That seems equitable. Movant complains that Cowan ran the business and incurred debts which should not fall on Harwell. The judgment leaves Cowan to take care of such debts. They are not to be paid out of the proceeds of the sale of partnership property. Harwell gets half of such proceeds, without consideration of any debts except the $650 secured debt mentioned above. For these reasons the motion is denied.