RABHAN *v.* RABHAN.

No. 12051.    JANUARY 13, 1938.

*Hitch, Denmark & Lovett* and *R. W. McDuffee,* for plaintiff in error.

*Gazan, Walsh & Bernstein,* contra.

BELL, Justice. A motion to dismiss the writ of error was filed. Since it appears that the motion is well taken and must be sustained, the following statement will be limited to the facts which are pertinent to that question.

Jack Rabhan filed a suit against the Union Central Life Insurance Company, and against Morris Rabhan, who is the sole complainant in this court and who is designated herein as the defendant. The court overruled the general grounds of a demurrer, and dismissed the answer filed by the defendant. To these orders the defendant excepted pendente lite. On the trial the court directed a verdict in favor of the plaintiff, on which a decree was entered. The defendant brought the case to this court, assigning error only. upon the exceptions pendente lite, and without even specifying the verdict and decree as material portions of the record, it being alleged that they are not necessary to a clear understanding of the errors complained of. The defendant in error moved to dismiss the writ of error, on the ground, among others, that the bill of exceptions fails to assign error upon a final judgment. In response to this motion, the plaintiff in error moved to amend the bill of exceptions by specifying the verdict and decree, and by assigning error on each upon the ground that they were erroneous because of the alleged antecedent errors in overruling the demurrers and striking the answer. The plaintiff in error also filed a request for an order from this court directing the clerk of the trial court to send up certified copies of the verdict and the decree. The defendant in error filed objections to the motion to amend and to the request for additional record.

"No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." Code, § 6-701. "The plaintiff in error shall

plainly and specifically set forth the errors alleged to have been committed." § 6-801. See also §§ 6-803, 6-901. "The Supreme Court . . shall not decide any question unless it is made by a specific assignment of error in the bill of exceptions." § 6-1607. Under these statutes it has been held: "Although the bill of exceptions specifically assigns error upon rulings made during the progress of the case in the trial court, and recites the rendition of a final decree, . . yet if it contains no assignment of error on the final decree, the writ of error must be dismissed. The final decree must be excepted to, in order to obtain consideration of exceptions to rulings preceding it." *Winder Lumber Co.* v. *Washington Brick Co.,* 149 *Ga.* 215 (99 S. E. 863) ; *Huson* v. *Bank of Covington,* 158 *Ga.* 434 (123 S. E. 742). These and like decisions are in accord with the rulings made in *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (3) (58 S. E. 1047). "The losing party to a judgment on general demurrer is given the option to sue out a direct bill of exceptions assigning error on the judgment, or to have certified and filed exceptions pendente lite. If the latter course be followed, the ruling on demurrer becomes a pendente-lite ruling which is reviewable only after the termination of the case, on exceptions taken to the final judgment rendered therein. Civil Code (1910), § 6138" (1933, § 6-701). *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841) ; *Durrence* v. *Waters,* 143 *Ga.* 223 (84 S. E. 471) ; *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505) ; *Gilbert* v. *Tippens,* 183 *Ga.* 497 (188 S. E. 699) ; *Bearden* v. *Longino,* 181 *Ga.* 807 (184 S. E. 319). The "latter course" was followed in the instant case. But the defendant also assigned error on the order striking his answer. An order striking an answer is not a final judgment, nor would a judgment thereon have been a final disposition of the cause "if it had been rendered as claimed by the plaintiff in error." Code, § 6-701; *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594) ; *Johnson* v. *Battle,* 120 *Ga.* 649 (48 S. E. 128) ; *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292) ; *Crider* v. *Harris,* 181 *Ga.* 555 (182 S. E. 592). It follows that the bill of exceptions is fatally defective and must be dismissed, unless it may be amended in the manner proposed by the plaintiff in error. The right to amend is claimed under the following sections of the Code: "No writ of error shall be dismissed in the appellate court on any ground whatever which can be removed during

the term of the court to which the said writ of error is returnable, and the appellate court shall give such time, during said term, even to the end of the same, as may be necessary to remove said ground, if it can be removed during the said term." § 6-1304. "No writ of error shall be dismissed in the appellate court when by an amendment to the bill of exceptions any imperfection or omission of necessary and proper allegations could be corrected from the record in the case." § 6-1309. "The bill of exceptions may be amended in the appellate court so as to conform to the record in the cause." § 6-1401. These provisions of the Code do not authorize an amendment by supplying assignments of error on a final judgment as to which no exception whatever was taken in the bill of exceptions. In *Winn* v. *State,* 124 *Ga.* 811 (53 S. E. 318), it was held that "a bill of exceptions which contains no assignment of error whatever presents no question for determination, and its dismissal can not be prevented by a proposed amendment assigning error for the first time in this court." To the same effect, see *Williams* v. *Augusta Southern R. Co.,* 98 *Ga.* 392 (25 S. E. 557) ; *Downer* v. *State,* 178 *Ga.* 185 (172 S. E. 463) ; *Griffin* v. *Garrard,* 42 *Ga. App.* 337 (156 S. E. 270) ; *Cohen* v. *Morris Plan Co.,* 43 *Ga. App.* 84 (157 S. E. 913) ; *Livingston* v. *Harry Sommers Inc.,* 43 *Ga. App.* 367 (158 S. E. 617). It has even been held: "Assignments of error which are too vague and general to be considered can not be made specific by amending the bill of exceptions after it reaches this court. This would be, in effect, permitting the plaintiff in error to raise in this court new points which he did not raise in his bill of exceptions when it was made up and certified." *Stewart* v. *Marietta Trust & Banking Co.,* 129 *Ga.* 417 (3) (59 S. E. 231) ; *Taylor* v. *Wright,* 132 *Ga.* 586 (2) (64 S. E. 656) ; and see, in this connection, *Ganahl* v. *Shore,* 24 *Ga.* 17. In view of these authorities it must be held that the bill of exceptions can not be amended by assigning error now for the first time on the verdict and decree. A decision directly in point and based on almost identical facts will be found in *Ocean Steamship Co.* v. *Blumberg,* 16 *Ga. App.* 861 (86 S. E. 1070), where it was held: "When it is claimed that a judgment should be reversed on account of some error in the trial, antecedent to the final judgment, which was of controlling effect upon the judgment, a final exception to the judgment is necessary, to confer jurisdiction upon the Court of Ap-

peals; and a bill of exceptions in which there is no assignment of error upon the final judgment is not amendable in that respect." Whether or not a plaintiff in error may in any circumstances properly offer to amend on matter not then "of record in the case" (*Hardin* v. *Lovelace,* 79 *Ga.* 209 (4), 5 S. E. 493; *Summerlin* v. *State,* 130 *Ga.* 791 (2), 61 S. E. 849; *Wilcher* v. *Williams,* 41 *Ga. App.* 668 (2), 154 S. E. 292), is a question which need not be decided in the instant case; nor should anything contained in the present decision be taken as an intimation that a bill of exceptions may in any case be amended by adding or changing *assignments of error.* For what appears to be a physical precedent, see *Lynch Enterprise Finance Corporation* v. *Realty Construction Co.,* 176 *Ga.* 700, 705 (168 S. E. 782). The rule as to assigning error in the Supreme Court on exceptions pendente lite is not applicable. See *South Carolina R. Co.* v. *Nix,* 68 *Ga.* 572; *Hardee* v. *Griner,* 80 *Ga.* 559 (7 S. E. 102); *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552).

The motion to amend the bill of exceptions, and the request for an order requiring additional record, must be denied, and the motion to dismiss is sustained.

*Writ of error dismissed. All the Justices concur.*