31813. KIMBELL *v.* MORELAND.

DECIDED DECEMBER 3, 1947.

*W. George Thomas,* for plaintiff.
*T. F. Bowden, Hewlett & Dennis,* for defendant.

SUTTON, C. J. John Thomas Kimbell sued Mrs. Ethel R. Moreland in the Superior Court of Fulton County, seeking to recover damages for an alleged wrongful eviction. On the trial the judge sustained an oral motion in the nature of a general demurrer, made by the defendant, and dismissed the action. The plaintiff presented to the trial judge and had certified a bill of exceptions which contains a history of the case, a statement that the trial judge sustained a motion of the defendant in the nature of a general demurrer and dismissed the action, a recital that the bill of exceptions is presented within the time prescribed by law and a prayer that it be certified, and a specification of the

portions of the record alleged to be "material to a clear understanding of the errors complained of"; but the bill of exceptions does not contain any assignment of error or complaint that any error was committed by the trial judge.

"The writ of error must contain an assignment of the errors complained of; otherwise it will be dismissed." *Sewell* v. *Conkle,* 64 *Ga.* 437. It was held in *Griffin* v. *Garrard,* 42 *Ga. App.* 337 (156 S. E. 270): "The bill of exceptions contains the history of the case, the judgment of the superior court overruling a certiorari, a statement that the bill of exceptions is presented for certification and that it prays for certification, and a specification of the alleged material portions of the record, but contains no assignment of error. It therefore presents no question for this court's consideration, and the writ of error must be dismissed." Also, see *Williams* v. *Augusta Southern R. Co.,* 98 *Ga.* 392 (25 S. E. 557); *Dismukes* v. *Bainbridge State Bank,* 99 *Ga* 179 (25 S. E. 181); *Jackson* v. *Fitzpatrick,* 114 *Ga.* 364 (40 S. E. 234); *Rabhan* v. *Rabhan,* 185 *Ga.* 355, 358 (195 S. E. 193). The bill of exceptions in the present case contains no assignment of error and presents no question to this court for adjudication, and the writ of error must be dismissed.

The cases cited and relied on by the plaintiff in error, *Thomas* v. *Moore,* 58 *Ga. App.* 541 (199 S. E. 320), and *Patterson* v. *Beck,* 133 *Ga.* 701 (66 S. E. 911), are distinguishable on their facts from the present case and the rulings therein made do not authorize or require a different ruling in the present case from the one made herein. The rulings made in the cases of *Kimball* v. *Williams & McCurdy,* 108 *Ga.* 812 (33 S. E. 994) and *Wheeler* v. *Worley,* 110 *Ga.* 513 (35 S. E. 639), cited by the plaintiff in error, are in conformity with the ruling made in the present case. Nor do the provisions of the Code, § 6-1307, cited and relied on by the plaintiff in error, authorize a different ruling in the present case from the one made. It was said in *Ocean Steamship Company* v. *Blumberg & Sons,* 16 *Ga. App.* 861, 864 (86 S. E. 1070): "The total disregard of the necessity of excepting to the judgment which fixes the final result of the case is not to be flippantly termed a mere want of technical conformity to the statute which requires that a judgment shall be unequivocally excepted to. And while, under the provisions of  . . [Code, § 6-1307] it

is made unlawful to dismiss a case for want of technical conformity to the statutes or rules regulating the practice in carrying cases to this court where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain the real questions · . . which the parties seek to have decided, this provision can not have reference to a case in which, by the failure of the plaintiff in error to complain of the final judgment, there is a failure to confer upon this court jurisdiction to review the final judgment of the lower court."

*Writ of error dismissed. Felton and Parker, JJ., concur.*