FARRAR *v.* AINSWORTH, executrix.

No. 17168.  July 12, 1950.

**186**

*Paul H. Field,* for plaintiff.

*Wright, Rogers, Magruder & Hoyt,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Both sides concede that the only question for determination is whether or not the order of the court on the auditor's report was a final judgment.

While a bill of exceptions assigning error only on an order overruling exceptions to an auditor's report is not a final judgment within the meaning of Code § 6-701 (*Prater* v. *Crawford,* 143 *Ga.* 709 (3), 85 S. E. 829; *Murphy* v. *District Grand Lodge,* 148 *Ga.* 648, 97 S. E. 858; *Huson* v. *Bank of Covington,* 158 *Ga.* 434 (2), 123 S. E. 742; *Lingo* v. *Rich,* 169 *Ga.* 628, 151 S. E. 387; *Moncrief* v. *Rimer,* 181 *Ga.* 4, 181 S. E. 169), nevertheless, where as here the court went further and made the auditor's report the judgment of the court, thus adjudicating the rights of the parties on the merits, such order was a final judgment, and not a mere overruling of exceptions to the report.

The above ruling accords with the decision in *Kency* v. *District Grand Lodge,* 148 *Ga.* 515 (97 S. E. 439), where the court, after overruling the exceptions to the auditor's report, went on to approve the auditor's report and make it the judgment of the court. Counsel for the plaintiff, however, failed to except to that portion of the order which approved the auditor's report and made

187

it the judgment of the court, but took exception only to that part of the order overruling the exceptions. This court held that the exception as taken was not an exception to the final judgment, but was an assignment of error merely upon the order of the trial court overruling the plaintiffs' exceptions of law.

Since the original case was an action in equity, the trial court was not required to submit to a jury the questions of fact raised by the exceptions. Code, § 10-402; *Mitchell* v. *Turner*, 190 *Ga.* 485 (3) (9 S. E. 2d, 621). The trial court was, therefore, within the exercise of its discretion in disapproving the exceptions and rendering judgment in accordance with the auditor's report.

*Judgment affirmed. All the Justices concur.*