## 37431. TODD *et al. v.* DOUGLAS-GUARDIAN WAREHOUSE CORPORATION.

GARDNER, Presiding Judge. It appears from the record in this case that in the purported bill of exceptions the appellant set forth numerous antecedent rulings but took no exceptions to the final judgment of the court. Thereafter the appellant made an effort to amend the bill of exceptions by adding an exception to the final judgment of the court by said purported amendment.

The appellate courts have held that the law does not permit a bill of exceptions to antecedent rulings to be amended in this manner. In *Ocean Steamship Co.* v. *Blumberg & Sons,* 16 *Ga. App.* 861 (86 S. E. 1070) this court said: "When it is claimed that a judgment should be reversed on account of some error in the trial, antecedent to the final judgment, which was of controlling effect upon the judgment, a final exception to the judgment is necessary, to confer jurisdiction upon the Court of Appeals; and a bill of exceptions in which there is no assignment of error upon the final judgment is not amendable in that respect." In *Rabhan* v. *Rabhan,* 185 *Ga.* 355 (195 S. E. 193) the Supreme Court said: "1. Where a final judgment is complained of as erroneous because of alleged errors in antecedent rulings which are properly assigned as error, a general exception to the final judgment is sufficient to confer jurisdiction upon the appellate court and to authorize a decision in regard to the antecedent rulings; but if there is no assignment of error whatever on the final judgment in such case, the bill of exceptions is fatally defective, and can not be amended by the addition of assignments of error on the final judgment. 2. On application of the foregoing ruling, the motion of the plaintiff in error to amend the bill of exceptions and his request for an order requiring additional record must be denied, and the motion of the defendant in error to dismiss the writ of error is sustained."

*Writ of error dismissed. Townsend and Carlisle, JJ., concur.*

DECIDED NOVEMBER 19, 1958.

*R. A. Moore,* for plaintiffs in error.

*Larry E. Pedrick, G. H. Mingledorff, Bennett, Pedrick & Bennett, Gibson & Maddox,* contra.