## 39190. MUTUAL FEDERAL SAVINGS & LOAN ASSOCIATION v. CAMPBELL COAL COMPANY.

BELL, Judge. It is regrettable when the appeal of a case fails because of technical rules of appellate procedure which preclude consideration and determination of the cause upon its merits.

The defendant in error has moved to dismiss the writ of error on the ground that the bill of exceptions does not except to the final judgment, but excepts only to antecedent rulings rendered more than 30 days prior to the final judgment dismissing the motion for new trial and more than 30 days prior to the presentment of the bill of exceptions.

The Supreme Court, in the case of *Rabhan v. Rabhan,* 185 Ga. 355 (1) (195 SE 193), has stated that, "Where a final judgment is complained of as erroneous because of alleged errors in antecedent rulings which are properly assigned as error, a general exception to the final judgment is sufficient to confer jurisdiction upon the appellate court and to authorize a decision in regard to the antecedent rulings; but if there is no assignment of error whatever on the final judgment in such case, the bill of exceptions is fatally defective, and can not be amended by the addition of assignments of error on the final judgment." See also *Todd v. Douglas-Guardian Warehouse Corp.,* 98 Ga. App. 673 (106 SE2d. 357).

The plaintiff in error admits the existence of the rule enunciated in the *Rabhan* case, but contends that it is an antiquated anomaly, quaint, irresponsible, arbitrary, capricious, unreasonable, wanton, fantastic, violates the Federal and State Constitutions, and is discriminatory.

However, it is apparent that without rules there would be no predictability in the law, no way to determine when a particular decision became final, and there would be judicial chaos. All courts, both federal and state, are compelled to have them. By Art. VI, Sec. II, Par. VIII of the Constitution of this State it is provided, inter alia, that "The decisions of the Supreme Court shall bind the Court of Appeals as precedents." *Code Ann.* § 2-3708. The *Rabhan* case compels the grant of the motion to dismiss the writ of error.

The motion is granted, and the writ of error is

*Dismissed. Felton, C. J., and Hall, J., concur.*

DECIDED JANUARY 8, 1962.

*Henry & Matthews, J. L. Jordan,* for plaintiff in error.
*R. R. McCauley, Turner Paschal,* contra.