### 46485. PLASTER v. CENTER.

EVANS, Judge. Mrs. Euphie D. Center sued Clarke E. Plaster for damages arising out of a collision between plaintiff's automobile and a tractor driven by defendant's agent and employee, W. R. Brown, for the sum of $900. The proximate cause of the collision is alleged to be the negligence of the defendant's servant while acting within the scope of his employment at the time of the collision. Plaster, in his answer, denied the claim but admitted the collision and sought damages for his tractor in the sum of $1,750. On the call of the case for trial, the defendant filed an affirmative plea of res judicata alleging that

the plaintiff had already sued his servant, W. R. Brown, in another court and had obtained a judgment for $750 damages "on the same cause of action . . . asserted against this defendant," that her cause of action has merged in a judgment and since she can have only one cause of action for one injury, her present complaint is already adjudicated and should be dismissed as to the defendant. Attached to the plea were the pleadings in the former suit. The jury returned a verdict in that case against the defendant Brown for $750. On May 10, 1971, after the submission of evidence and argument by counsel, the plea of res judicata was denied. On the same date the case proceeded to trial before a jury, which returned a verdict for $500, and judgment was entered thereon. The appeal is from the order denying and overruling defendant's plea of res judicata and the only error enumerated is on the court's ruling on this plea. *Held:*

We have here a final judgment rendered against the defendant, Plaster, with no appeal therefrom (the notice of appeal not being to the final judgment, and no error enumerated as to the final judgment). There being a final judgment in this case in the lower court, with no appeal therefrom, the same is final and binding, and we cannot go back of that judgment and review an ancillary ruling thereon even though it was made on the same date. Under the authority of *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281) and cases following that case, the law of the case as to the final judgment has been established adversely to the appeal "whether right or wrong . . . until set aside or reversed," and the sole enumeration of error where based on an ancillary ruling is not meritorious. Indeed, this was the law of Georgia prior to *Hill v. Willis,* supra. See *Rabhan v. Rabhan,* 185 Ga. 355 (1) (195 SE 193) and cases cited on pages 357-358.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
SUBMITTED SEPTEMBER 14, 1971—DECIDED OCTOBER 1, 1971.

*Frank M. Gleason,* for appellant.
*Burton Brown,* for appellee.