## WINDER LUMBER COMPANY *v.* WASHINGTON BRICK COMPANY *et al.*

Although the bill of exceptions specifically assigns error upon rulings made during the progress of the case in the trial court, and recites the rendition of a final decree and specifies that decree as a part of the record to be transmitted, yet if it contains no assignment of error on the final decree, the writ of error must be dismissed. The final decree must be excepted to, in order to obtain consideration of exceptions to rulings preceding it.

No. 1055. JULY 16, 1919.

Exceptions to auditor's report. Before Judge Cobb. Barrow superior court. May 11, 1918.

*Richard B. Russell and Lewis C. Russell,* for plaintiff in error.

*John J. & Roy M. Strickland* and *Noel P. Park,* contra.

GEORGE, J. The Washington Brick Company brought suit in the superior court of Jackson county against the Winder Lumber Company, of Jackson county, and the Mary Leila Cotton Mills, of Greene county, for the purpose of obtaining a judgment against the Winder Lumber Company for brick sold to it and used by it as a contractor in building the cotton mills, and for the establishment of a special materialman's lien by such judgment on the property of the Mary Leila Cotton Mills. The last-named corporation filed its answer, averring that it was unable to say whether the Winder Lumber Company owed the plaintiff, but that the latter had no debt against the responding defendant, and that it did not owe the Winder Lumber Company any debt, but that company was indebted to it, the Mary Leila Cotton Mills. The court, on motion, struck the Mary Leila Cotton Mills as a party defendant in so far as any controversy between it and the Winder Lumber Company was concerned, and left, as the sole issue to be tried against the Mary Leila Cotton Mills, the one question whether the plaintiff might obtain a judgment against the Mary Leila Cotton Mills, establishing and foreclosing a lien for the amount for which it might obtain judgment against the Winder Lumber Company. To this judgment the Winder Lumber Company excepted. This court held that the writ of error was prematurely brought, "for the reason that the case with respect to foreclosure of lien against the Mary Leila Cotton Mills is still pending in the court below." *Winder Lumber Company* v. *Mary Leila Cotton Mills,* 143 *Ga.* 277 (84 S. E. 587). The Winder Lumber Company also excepted pendente lite to the ruling of the court in striking the Mary Leila Cotton Mills as a party defendant in so far as any controversy between it and the Winder Lumber Company was concerned. At a subsequent term of the Barrow superior court (to which said case was transferred upon the creation of Barrow county), the case was referred to an auditor, who, after hearing the same, made and filed his report containing his findings of law and findings of fact. The findings being adverse to the Winder Lumber Company, it filed exceptions both of law and of fact. By order entered in term, the hearing on

the exceptions of law and fact was had in vacation. The court overruled the exceptions of law, and disallowed the exceptions of fact. Subsequently the court entered a final decree in the case. The Winder Lumber Company presented a bill of exceptions, in which error was assigned specifically on its pendente lite exceptions to the order of the court in striking the Mary Leila Cotton Mills as a party defendant, in so far as any controversy between it and the Winder Lumber Company was concerned, and on the judgment overruling the exceptions of law and disallowing the exceptions of fact to the auditor's report. There was no assignment of error whatever upon the final decree in the case. The bill of exceptions recited that a final decree had been rendered and specified the same as a part of the record.

The writ of error must be dismissed. *Harrell* v. *Tift,* 70 *Ga.* 730; *Lyndon* v. *Ga. Ry. & El. Co.,* 129 *Ga.* 353 (58 S. E. 1047); *Ellington* v. *Automobile Credit Sales Co.,* 145 *Ga.* 53 (88 S. E. 565); *Kency* v. *District Grand Lodge,* 148 *Ga.* 515 (97 S. E. 439). In some cases it has been noted, in accordance with the facts contained in the records, that the bill of exceptions did not recite that a final judgment had been rendered, and did not specify a final judgment as a part of the record; as, for example, *Murphy* v. *District Grand Lodge,* 148 *Ga.* 648 (97 S. E. 858). This court, however, is not to be understood as intimating, in any of the cases just referred to, that a mere statement in the bill of exceptions to the effect that a final judgment had been rendered, or a specification of a final judgment as a part of the record in the case, would dispense with the necessity of assigning error upon a final judgment or decree. Since the decision in *Lyndon* v. *Ga. Ry. & El. Co.,* supra, this court has uniformly held that exception must be taken to the final judgment, in order to obtain consideration of exceptions to rulings made during the progress of the trial.

*Writ of error dismissed. All the Justices concur.*