17801.   CHENEY *v.* CORBITT MOTOR-TRUCK COMPANY.

A bill of exceptions can not be maintained where the only exception therein is to a judgment disallowing an amendment to the answer of the defendant. This is true notwithstanding a recital in the bill of exceptions that the case proceeded to judgment in favor of the plaintiff.

DECIDED MARCH 8, 1927.

Attachment; from city court of Lexington — Judge W. L. Hodges presiding. October 16, 1926.

*Hamilton McWhorter, Lamar C. Rucker,* for plaintiff in error.
*W. W. Armistead,* contra.

BROYLES, C. J.   The bill of exceptions recites that a proffered amendment to the answer of the defendant was disallowed, that thereafter a demurrer to the answer was sustained, and that "the court directed a judgment for plaintiff, and judgment was entered on said date for the full amount sued for." The only assignment of error in the bill of exceptions is as follows: "To the refusal of the court to allow amended plea, plaintiff in error excepted, and now excepts and assigns the same as error, upon the ground that said refusal was contrary to law."

It is well settled that the striking of the entire answer of a defendant is not a final judgment, and that a bill of exceptions in which the only exception is to such striking is subject to dismissal; and this is true although it be recited in the bill of exceptions that the case proceeded to verdict and judgment in favor of the plaintiff. *McCranie* v. *Shipp,* 10 *Ga. App.* 544 (73 S. E. 701), and cit. A *fortiori,* a bill of exceptions can not be maintained where the only assignment of error therein is upon a judgment disallowing an amendment to the answer. See, in this connection, *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047).

*Writ of error dismissed. Luke and Bloodworth, JJ., concur.*

---

Appeal and Error, 3 C. J. p. 488, n. 34.