No. 8285. October 15, 1931.

*Craighead & Craighead* and *W. C. Henson,* for plaintiff.

*R. Emerson Gardner* and *Underwood, Haas & Gambrell,* for defendant.

HILL, J. On the call of this case in the Supreme Court a motion was made to dismiss the writ of error, on the ground that there was no exception to any final judgment rendered in the case. From the record it appears that G. H. Butler filed an equitable petition against R. J. Spiller Incorporated, for specific performance of a contract concerning the sale of real estate. Spiller answered, denying the plaintiff's right to specific performance; and the issue thus joined came on to be tried on January 16, 1931. Counsel for Spiller, without waiving defense or acknowledging the validity of the contract sued on, offered to perform the contract by executing a deed to the property to the plaintiff. The plaintiff in error then sought to amend the original petition by striking therefrom all prayers for specific performance, and claiming damages in lieu thereof; and by a second amendment he sought to show his damages in lieu of specific performance, because of a material change in the value of the property between the filing of his suit, when the defendant refused to perform, and the date of the trial; and alleged that specific performance was impossible, because the defendant had encumbered the premises, and that his tender of performance at that time was not a good tender. The court disallowed the first amendment, in the following order: "The defendant having offered to perform, and consenting in open court to such decree before the foregoing amendment was tendered, the amendment is denied; and it is directed that decree be prepared and presented to the court as prayed for in the original petition. This January 16, 1931." Thereupon the plaintiff tendered his second amendment as above set out. The court disallowed this amendment, in the following order: "The foregoing amendment is disallowed in its present form. The court has advised plaintiff that an amendment alleging change of status would be allowed if tendered free

from objectionable matter. This January 16, 1931." The plaintiff having declined to amend or further proceed with the case, the court entered the following order: "This case coming up for trial, and defendant having tendered in open court full performance in accordance with the prayers of the petition, specific performance of the contract set out in petition is hereby decreed, and defendant is hereby ordered and directed to make conveyance to plaintiff upon compliance by plaintiff with his obligation under said contract. Upon failure by plaintiff to perform within ten days from this date, all right under said contract shall cease and terminate. This 16th day of January, 1931." The plaintiff having failed to tender performance on his part within ten days from date of last order, the court entered a final decree in the case, as follows: "This case having come up for trial on January 16, 1931, and defendant in open court, without waiving any defense or admitting the validity of the contract sued on, tendered to the plaintiff full performance of said contract in accordance with the prayers of the petition, and the court thereupon having passed an order decreeing specific performance of the contract as prayed in the petition, and allowing the plaintiff ten days from said date within which to perform, and it now being made to appear to the court that plaintiff has failed to perform or offered to perform within said period, judgment is hereby rendered in favor of the defendant against the plaintiff, and it is hereby ordered and decreed that said contract has been fully satisfied; and the clerk of the court is hereby ordered and directed to mark same satisfied of record. This 27th day of January, 1931."

The bill of exceptions failed to specify the last-mentioned order as material to the case, and this court ordered that the final decree be sent up and made a part of the record, as being necessary to a clear understanding of the errors complained of. This was done. It further appears from the bill of exceptions that the plaintiff filed no exception to the final decree, but only to the interlocutory orders of the court disallowing the two amendments to the petition. These orders are interlocutory in their nature, and not final. They decree specific performance of the contract upon condition that plaintiff offer to perform within ten days. Upon the expiration of ten days, the plaintiff having failed to tender performance on his part, the court then entered the final decree as set out above. There is

no exception to this final decree, and therefore the motion to dismiss must prevail. Civil Code (1910), § 6138; *Mayor &c. of Brunswick* v. *Lamb,* 60 *Ga.* 342; *Baldwin* v. *Lowe,* 129 *Ga.* 711 (59 S. E. 772); *Johnson* v. *Merchants & Farmers Bank,* 141 *Ga.* 721 (81 S. E. 873); *Ga. Ry. & Power Co.* v. *Kelly,* 150 *Ga.* 698 (105 S. E. 300); *Lingo* v. *Rich,* 169 *Ga.* 628 (151 S. E. 387); *Ivey* v. *Forsyth,* 164 *Ga.* 705 (139 S. E. 354); *Jackson* v. *File,* 165 *Ga.* 382 (140 S. E. 754); *McCranie* v. *Shipp,* 10 *Ga. App.* 544 (73 S. E. 701); *Burkhalter* v. *Roach,* 145 *Ga.* 834 (90 S. E. 52); *Williamson* v. *Allen,* 169 *Ga.* 537 (150 S. E. 907); *Crider* v. *Holbrook,* 169 *Ga.* 765 (151 S. E. 505); *City of Tallapoosa* v. *Brock,* 143 *Ga.* 599 (75 S. E. 644).

*Writ of error dismissed. All the Justices concur.*