33690. Johannesen v. Whiddon et al.

Townsend, J. 1. An order of court that the general "demurrer to the defendant's answer as amended is hereby sustained" is not a final judgment within the meaning of Code § 6-701 from which a bill of exceptions assigning error thereon will lie. *Hardy* v. *Bank of Ila,* 67 *Ga. App.* 299 (20 S. E. 2d, 94); *Quillian* v. *Golson,* 54 *Ga. App.* 409 (187 S. E. 892).

2. A bill of exceptions will be dismissed by the reviewing court on its own motion when it is fatally defective in that it fails to assign error on any final judgment, even though said bill of exceptions discloses that a final judgment was in fact rendered, and even though such judgment is the natural consequence of the antecedent ruling claimed to be erroneous. *Davis* v. *State,* 191 *Ga.* 598 (13 S. E. 2d, 351); *Peerless Laundry Co.* v. *Abraham,* 193 *Ga.* 179 (17 S. E. 2d, 267).

3. Accordingly, where, as here, the trial court sustained a general demurrer to the defendant's plea and answer, to which ruling the defendant filed exceptions pendente lite, and where thereafter the court entered up a final judgment for the plaintiff, and the defendant in the bill of exceptions assigned error only upon the exceptions pendente lite, but failed to assign error upon any final judgment, the writ of error must be

*Dismissed. MacIntyre, P.J., and Gardner, J., concur.*

Decided January 21, 1952.

*Thomas K. Vann Jr.,* for plaintiff in error.
*Alexander, Vann & Lilly,* contra.