### 36142. BROWN *v.* MARKS AUTO SALES.

TOWNSEND, J. 1. Under Code (Ann. Supp.) § 6-902, a bill of exceptions must be tendered to the judge who presided in the cause within 30 days from the date of the decision complained of. Where a judgment overruling a general demurrer is not excepted to within such 30-day period, a

bill of exceptions attempting to assign error on such ruling filed thereafter (the bill of exceptions not also assigning error on any final judgment in the case rendered within such 30-day period) cannot be considered by this court. *Hall* v. *Hall,* 185 *Ga.* 502 (2), 505 (195 S. E. 731).

2. Under Code § 6-901, a plaintiff in error desiring to appeal his case may assign error on "any sentence, judgment, or decision, or decree of such court," and "such bill of exceptions shall specify plainly the decision complained of and the alleged error." Under this Code section, a bill of exceptions which does not plainly and specifically assign error upon a final judgment will be dismissed. *Smith* v. *Frost,* 74 *Ga.* 842. Although by the act of 1953 (Ga. L. 1953, pp. 440, 453) exceptions pendente lite have been abolished, and it is no longer necessary to preserve exceptions . pendente lite and assign error thereon in the final bill of exceptions, nevertheless, under the terms of the act (Code, Ann. Supp., § 6-905), it is still necessary to assign error on the rulings complained of in a bill of exceptions "complaining of a final judgment."

3. Code § 6-804 provides in certain circumstances for the filing of a "short" bill of exceptions as opposed to the "usual" bill of exceptions provided for in Code § 6-902; and under this Code section, where an antecedent error is relied upon as being necessarily controlling in the case, it is not necessary to "plainly and specifically" assign error on the final judgment also, but it is necessary to show that such final judgment was rendered, and to assign error thereon generally, as an error resulting from such controlling and antecedent error. For a discussion of the distinctions between these two methods see *Lyndon* v. *Georgia Ry. &c. Co.,* 129 *Ga.* 353 (3) (58 S. E. 1047). Where the procedure under Code § 6-804 is followed, it is accordingly necessary to allege that some antecedent ruling upon which error is specifically assigned necessarily controlled the further progress of the case, and to assign error on the final judgment as having been controlled by such prior erroneous ruling. *Rabhan* v. *Rabhan,* 185 *Ga.* 355 (1) (195 S. E. 193).

4. In *Mertins* v. *Pritchard,* 135 *Ga.* 643 (1) (70 S. E. 328), it was held as follows: "There having been a verdict in favor of the plaintiff, a motion for a new trial by the defendant, and a judgment overruling the same, to which final judgment no exception was taken, the only exception being to the overruling of a demurrer to the plaintiff's petition, and the bill of exceptions not having been certified or tendered for certification within the time prescribed by law after the decision complained of, no question is presented which this court has jurisdiction to consider, and the writ of error must be dismissed." Accordingly, where, as here, a bill of exceptions is filed in which error is assigned (1) on the overruling of defendant's general demurrer to the petition, which ruling was made more than 30 days prior to the suing out of the bill of exceptions, (2) on the overruling of defendant's special demurrers to plaintiff's petition, (3) on the refusal to allow defendant to amend his answer, and (4) on the ruling sustaining a general demurrer to the answer and striking the same (none of these rulings being such as might be considered a final judgment on which error can be assigned in a bill of exceptions except the first, which cannot be here considered because it comes too late),

and where, although the bill of exceptions recites that, "after said ruling judgment was taken by default and judgment was rendered against the defendant on the 9th day of January, 1956," but no error is assigned on such final judgment, either specifically as erroneous in itself or generally as being controlled by the antecedent errors—the motion of the defendant in error to dismiss the bill of exceptions for lack of an assignment of error upon a final judgment in the case must be granted.

5. "Where a final judgment is complained of as erroneous because of alleged errors in antecedent rulings which are properly assigned as error, a general exception to the final judgment is sufficient to confer jurisdiction upon the appellate court and to authorize a decision in regard to the antecedent rulings; but if there is no assignment of error whatever on the final judgment in such case, the bill of exceptions is fatally defective, and can not be amended by the addition of assignments of error on the final judgment." *Rabhan* v. *Rabhan,* supra. Accordingly, the motion of the defendant in error to be allowed to amend the bill of exceptions by adding an assignment of error on the final judgment because the same was controlled by prior erroneous rulings of the court must be denied.

*Writ of error dismissed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 11, 1956.

*Thomas J. Espy, Jr.,* for plaintiff in error.
*Archibald Farrar,* contra.