### 37258. DUNCAN v. BRADSHAW.

GARDNER, Presiding Judge. The defendant has filed a motion to dismiss the writ of error in this court for the following reasons: "1. Defendant in error moves to dismiss the writ of error for the reason that the assignment of error therein is too vague and indefinite to present any question for decision. 2. Defendant in error moves to dismiss the writ of error for the reason that the bill of exceptions does not contain any assignment of error upon the final judgment in the case."

In support of the motion to dismiss the defendant cites and relies on *Brown* v. *Marks Auto Sales*, 93 *Ga. App.* 741 (4) (92 S. E. 2d 832) wherein this court said: "Accordingly, where, as here, a bill of exceptions is filed in which error is assigned . . . on the ruling sustaining a general demurrer to the answer and striking the same . . . the motion of the defendant in error to dismiss the bill of exceptions for lack of an assignment of error upon a final judgment in the case must be granted." See also *Miller* v. *Liberty Nat. Bank & Trust Co.*, 68 *Ga. App.* 834 (24 S. E. 2d 415) wherein this court said: "It is well settled by repeated decisions of the Supreme Court and this court that the striking of a defendant's answer is not a final judgment, and that where the only assignment of error in a bill of exceptions is on the striking of the answer this court is without jurisdiction to entertain the bill of exceptions. This is true even where the bill of exceptions contains a recital that

the case proceeded to a judgment in favor of the plaintiff." In *McCranie* v. *Shipp*, 10 *Ga. App.* 544 (73 S. E. 701) this court said: "There being in the bill of exceptions no exception to any final judgment, but only an exception to a judgment striking the defendant's pleas, no question is presented which this court has jurisdiction to decide." See also cases cited in *Miller* v. *Liberty Nat. Bank & Trust Co.*, supra; *Cheney* v. *Corbitt Motor-Truck Co.*, 36 *Ga. App.* 590 (137 S. E. 412) and *Willis* v. *Daniel*, 39 *Ga. App.* 670 (148 S. E. 301).

Under the authorities above cited, since the bill of exceptions assigns error only on the sustaining of the general demurrer to the plea of failure of consideration and the counter-claim of the defendant, such rulings not being a final judgment, the bill of exceptions can not be considered by this court.

*Writ of error dismissed. Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 18, 1958.

*Samuel L. Eplan*, for plaintiff in error.

*Carpenter, Karp & Mathews, A. Tate Conyers*, contra.