39815.   ELLIOTT v. SERVICE TRUST & SAVINGS.

JORDAN, Judge.   Service Trust & Savings filed suit in the Municipal Court of Columbus against Kent M. Elliott, alleging that the defendant was indebted to it in the sum of $893.82 (including interest and attorneys' fees) under a contract of conditional sale and note which were attached as exhibits to the petition, and seeking to recover said amount against the defendant.   The defendant filed a plea in abatement to the petition in which he sought to abate the present action on the ground that, under the terms of the contract sued upon, Bexar County, Texas, was by mutual agreement of the parties designated as the county having venue of any and all causes of action arising under said contract.   The defendant also filed a general demurrer and answer to the petition.   The trial judge overruled the defendant's plea in abatement and directed a verdict against the defendant in the amount of $816.92.   The bill of exceptions assigns error on the order of the trial court overruling the plea in abatement and on two rulings made by the court during the progress of the trial, there being no exception to the final judgment of the trial court directing a verdict against the defendant.   *Held:*

1. In the absence of an assignment of error in the bill of exceptions on a final judgment in the cause under consideration, this court is without jurisdiction to review the assignments of error on antecedent rulings made during the progress of the trial. *Winder Lumber Co. v. Washington Brick Co.,* 149 Ga. 215 (99 SE 863); *Butler v. Spiller, Inc.,* 173 Ga. 564 (160 SE 907); *Rabhan v. Rabhan,* 185 Ga. 355 (1) (195 SE 193); *Brown v. Marks Auto Sales,* 93 Ga. App. 741 (3) (92 SE2d 832).

2. The judgment sustaining or overruling a plea in abatement is not such a final judgment as can be made the subject of

a bill of exceptions to this court within *Code Ann.* § 6-701 unless final judgment in the whole case has been entered; and even if entered, if no assignment of error is made thereon, the matter is not subject to review. *Price v. Stewart,* 209 Ga. 339 (2) (72 SE2d 459); *Harris v. State,* 64 Ga. App. 281 (13 SE2d 42); *Johannesen v. Whiddon,* 85 Ga. App. 252 (2) (69 SE2d 118); *Peerless Laundry Co. v. Abraham,* 193 Ga. 179 (4) (17 SE2d 267); *Whitton v. Barrow,* 159 Ga. 57 (124 SE 874); *Smith v. Estes,* 128 Ga. 368 (57 SE 685).

3. Accordingly, there being no exception to the final judgment of the trial court directing a verdict in favor of the plaintiff, this court does not have jurisdiction to review the assignments of error on the order of the trial court overruling the defendant's plea in abatement and on the antecedent rulings made during the progress of the trial. The defendant in error's motion to dismiss the writ of error must be sustained, and the writ of error

*Dismissed. Nichols, P. J., and Frankum, J., concur.*

DECIDED NOVEMBER 20, 1962.

*Marilyn W. Carney, Vincent P. McCauley,* for plaintiff in error.

*Roberts & Thornton, Owen Roberts, Jr.,* contra.

