39879.   HOPE v. HUDGINS, d/b/a TUXEDO SUPER MARKETS.

JORDAN, Judge.   George M. Hope filed suit in the Superior Court of Fulton County on September 5, 1958, against Maurice S. Hudgins and the Atlanta Coca-Cola Bottling Company. The defendant, Maurice S. Hudgins, did not file his defensive pleadings within the time required by law but on October 31, 1958, said defendant filed a motion to open the default, which motion was granted by the trial court on September 9, 1959. The case came on for trial and a directed verdict in behalf of said defendant was rendered on September 29, 1961, said verdict being made the judgment of the trial court on October 3, 1961. Subsequently, on October 24, 1961, the plaintiff filed a motion for new trial which was denied by the trial court. The sole assignment of error in the bill of exceptions is to the order of the trial court of September 9, 1959, granting the defendant's motion to open the default, there being no exception to the judgment of the trial court directing a verdict in favor of the defendant or to the denial of the plaintiff's motion for new trial. *Held:*

A judgment granting or refusing to grant a motion to open a default is not such a final judgment as can be made the sub-

ject of a bill of exceptions to this court within *Code Ann.* § 6-701 unless final judgment in the whole case has been entered (*Mills v. Sauls,* 90 Ga. App. 257, 82 SE2d 716; *American Stove Co. v. Belcher,* 86 Ga. App. 203, 71 SE2d 108; *Commercial Nat. Bank of Cedartown v. Chapman,* 209 Ga. 152, 71 SE2d 425), and even if final judgment is entered, if no assignment of error is made thereon in the bill of exceptions, the matter is not subject to review. *Brown v. Marks Auto Sales,* 93 Ga. App. 741 (92 SE2d 832); *Johannesen v. Whiddon,* 85 Ga. App. 252 (2) (69 SE2d 118); *Rabhan v. Rabhan,* 185 Ga. 355 (1) (195 SE 193); *Butler v. Spiller, Inc.,* 173 Ga. 564 (160 SE 907); *Winder Lumber Co. v. Washington Brick Co.,* 149 Ga. 215 (99 SE 863).

Accordingly, while the bill of exceptions discloses that this case has been tried in the court below and a final judgment entered therein, in the absence of an assignment of error on said final judgment this court does not have jurisdiction to review the assignment of error on the order of the trial court granting the defendant's motion to open the default. The defendant in error's motion to dismiss the writ of error must therefore be sustained.

*Writ of error dismissed. Nichols, P. J., and Frankum, J., concur.*

DECIDED JANUARY 28, 1963.

*Llop & Long, Nick Long, Jr.,* for plaintiff in error.
*Greene, Neely, Buckley & DeRieux, Harry Greene, J. Douglas Stewart,* contra.