## 1021

Carol ATEYEH, Appellant v. UNITED OF OMAHA LIFE INSURANCE COMPANY, (Formerly United Benefit Life Insurance Company), Respondent.

(361 S. E. (2d) 340)

Court of Appeals

*Reginald C. Brown, Jr., Mary Layton Wells, Hyman, Morgan, Brown, Jeffords, Rushton & Hatfield,* and *Eugene A. Fallon, Jr.,* of *Fallon & Odom,* Florence, *for appellant.*

*George E. Lafaye, III,* of *Nelson, Lafaye & Everett,* Columbia, and *J. Boone Aiken, III,* of *Coleman, Aiken & Chase,* Florence, *for respondent.*

Heard Sept. 16, 1987.

Decided Oct. 12, 1987.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court setting aside an entry of default prior to final judgment. We dismiss the appeal.

Under the South Carolina Rules of Civil Procedure, effective July 1, 1985, an order setting aside an entry of default is not appealable until after final judgment.

Rule 55(c) allows the Circuit Court to set aside an entry of default "[f]or good cause shown." Rule 60(b) allows the Circuit Court to set aside a final judgment for a number of different reasons including "mistake, inadvertence, surprise, or excusable neglect." Rule 72 specifies which intermediate or interlocutory orders are appealable prior to final judgment. Among those specified is "any order or judgment on a motion or independent action under Rule 60(b) of these rules." No mention is made of orders under Rule 55(c). The order in the instant case was under Rule 55(c), not Rule 60(b).

Rule 72 also allows appeals of "[a]ny other judgment or order appealable by statute." Certain intermediate or interlocutory orders are made appealable by Section 14-3-330, Code of Laws of South Carolina, 1976. However, the order in the instant case is not one of those made appealable by this Code section.

Rule 55(c) and Rule 60(b) are similar to the comparable federal rules. According to Professors Wright, Miller and Kane a denial of a motion under Federal Rule 60(b) to set aside a default judgment is immediately appealable, but a motion under Federal Rule 55(c) to set aside an entry of default is not appealable until after final judgment. 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2693 at 477, n. 7 (1983).

Courts in other states, including our sister states of North Carolina and Georgia, have held that an order setting aside or refusing to set aside an entry of default is not appealable until after final judgment. *See, e.g., First-Citizens Bank & Trust Company v. R & G Construction Company*, 24 N. C. App. 131, 132, 210 S. E. (2d) 97, 98 (1974) ("As a general rule an order setting aside or refusing to set aside an entry of default where judgment has not been entered is not a final order and is, therefore, not appealable."); *Hope v. Hudgins*, 107 Ga. App. 265, 266, 129 S. E. (2d) 576, 577 (1963) ("A judgment granting or refusing to grant a motion to open a default is not such a final judgment as can be made the subject of a bill of exceptions to this court within Code Ann.

§ 6-701 unless final judgment in the whole case has been entered. . . ."); *Annot.* 8 A. L. R. (3d) 1272, 1278 (1966) ("[C]ourts are generally agreed that an order setting aside, or refusing to set aside, a default where judgment has not been entered, is not a final order, and therefore is not appealable."). We find these decisions persuasive.

Indeed, our own Supreme Court has held that an order allowing a party to answer a request for admissions after time to answer has expired is not immediately appealable. *Pendergrass v. Martin*, 275 S. C. 413, 272 S. E. (2d) 172 (1980). Such an order is obviously comparable to the order in the instant case which has the effect of allowing a party to answer a complaint after the time to answer has expired.

We are aware that a recent case decided by this Court involved an immediate appeal of an order setting aside an entry of default. *See Ricks v. Weinrauch*, 360 S. E. (2d) 535 (S. C. App. 1987). However, unlike the instant case, it does not appear that the question of whether the order was appealable prior to final judgment was presented, and it is clear that the question was not decided in that case. *See Langley v. Boyter*, 284 S. C. 162, 181, 325 S. E. (2d) 550, 561 (Ct. App. 1984), *rev'd on other grounds*, 286 S. C. 85, 332 S. E. (2d) 100 (1985) ("[A]ppellate courts in this state, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked."). Therefore, the decision in that case is not determinative of the decision in the instant case. *Cf. Wagoner v. Ring*, 213 Iowa 1123, 1126, 240 N. W. 634, 635 (1932) ("While at times this court, when the question was not raised, or, as a matter of grace, has considered appeals from orders setting aside a default [citations omitted], yet, under the well-established rule of this court, such order is not appealable.").

Rule 72 was adopted to reduce appeals from interlocutory or intermediate orders, consistent with the modern decisions narrowing appeals from such orders. *See* reporter's note to the rule. The result which we reach here is consistent with this purpose.

For all of these reasons, the appeal in this case is

Dismissed.

GARDNER and GOOLSBY, JJ., concur.