1057

Jeanette F. THYNES, Respondent v. Dwayne Furman LLOYD, Appellant.
(363 S. E. (2d) 122)

Court of Appeals

*Robert C. Brown,* of *Brown & Woods,* Columbia, *for appellant.*

*John E. Miles,* Sumter, *for respondent.*

Heard Nov. 11, 1987.

Decided Nov. 30, 1987.

SANDERS, Chief Judge:

This is an appeal prior to judgment from an order of the Circuit Court refusing to grant relief from the entry of default. We dismiss the appeal as premature.

This Court recently held: "Under the South Carolina Rules of Civil Procedure, effective July 1, 1985, an order setting aside an entry of default is not appealable until after final judgment." *Ateyeh v. United of Omaha Life Insurance Co.,* 361 S. E. (2d) 340 (S. C. Ct. App. 1987). Consistent with the reasoning of the Court in that case, we now hold that an order refusing to grant relief from the entry of default is not appealable until after final judgment.

Respondent Jeanette F. Thynes commenced this action against appellant Dwayne Furman Lloyd by filing and serving a summons and complaint. More than thirty days thereafter, Mrs. Thynes filed an affidavit stating that Mr. Lloyd had failed to answer or otherwise respond to the complaint as required by the Rules. After this affidavit was filed, Mr. Lloyd filed and attempted to serve a pleading which he styled "Amended Answer." Mrs. Thynes refused to accept service. Mr. Lloyd then filed and served a motion "requesting a ruling that the appellant was not in default or in the alternative that any entry of default be set aside pursuant to South Carolina Rules of Civil Procedure 55(c) or in the alternative that time for answering be extended pursuant to South Carolina Rules of Civil Procedure 6(b)." The Circuit Court denied the motion. Mr. Lloyd appeals. No final judgment has been entered in the case.

Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter his default upon the calendar (file book)." It does not appear that the clerk actually entered default in the instant case. However, whether default was actually entered is of no consequence since the entry of default is a purely ministerial

act which the clerk was required to perform once the default was made to appear by the affidavit of Mrs. Thynes.

Rule 55(c) allows the Circuit Court to grant relief from the entry of default. In addition to seeking this relief explicitly, Mr. Lloyd, sought, in the alternative, a ruling that he was not in default or a ruling extending the time for him to answer. A ruling that Mr. Lloyd was not in default would obviously be the same as granting him relief from the entry of default. A ruling extending the time for Mr. Lloyd to answer would necessarily require granting him relief from the entry of default. Thus, it is clear that the motion of Mr. Lloyd was a motion under Rule 55(c).

Rule 60(b) allows the Circuit Court to grant relief from a final judgment. Since no final judgment has been entered, it is equally clear that the motion of Mr. Lloyd was not a motion under Rule 60(b).

Rule 72 specifies which intermediate or interlocutory orders are appealable prior to final judgment. Among those specified is any order on a motion under Rule 60(b). No mention is made of orders on motions under Rule 55(c).

Rule 55(c) and Rule 60(b) are similar to the comparable federal rules. According to Professors Wright, Miller and Kane, the denial of a motion under Federal Rule 60(b) to set aside a default judgment is immediately appealable, but the denial of a motion under Federal Rule 55(c) to set aside an entry of default is not appealable until after final judgment. 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2693 at 477 n. 7 (1983).

In *Ateyeh,* the Court cited decisions by courts in other states as persuasive:

> *First-Citizens Bank & Trust Company v. R & G Construction Company,* 24 N. C. App. 131, 132, 210 S. E. (2d) 97, 98 (1974) ("As a general rule an order setting aside or refusing to set aside an entry of default where judgment has not been entered is not a final order and is, therefore, not appealable."); *Hope v. Hudgins,* 107 Ga. App. 265, 266, 129 S. E. (2d) 576, 577 (1963) ("A judgment granting or refusing to grant a motion to open a default is not such a final judgment as can be made the subject of a bill of exceptions to this court within Code Ann. § 6-701 unless final judgment in the whole case has been

entered. ..."); *Annot.* 8 A.L.R. (3d) 1272, 1278 (1966) ("[C]ourts are generally agreed that an order setting aside or refusing to set aside, a default where judgment has not been entered, is not a final order, and therefore is not appealable.").

We also find these decisions persuasive in the instant case.

Rule 72 was adopted to reduce appeals from interlocutory or intermediate orders, consistent with the modern decisions narrowing appeals from such orders. *See* reporter's note to the rule. The result which we reach here, like the result which the Court reached in *Ateyeh,* is consistent with this purpose.

For all these reasons, the appeal in this case is

Dismissed.

GARDNER, J., and LITTLEJOHN, Acting Judge, concur.