**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rosa Maritza Galban Aranda, Respondent,

v.

Rigoberto Ortega, Appellant.

Appellate Case No. 2018-001090

_____

Appeal From Charleston County
Diane Schafer Goodstein, Circuit Court Judge

_____

Unpublished Opinion No. 2020-UP-322
Submitted November 1, 2020 – Filed December 2, 2020

_____

**DISMISSED**

_____

Thomas O. Sanders, IV, of Sanders Law Firm, LLC, of
Charleston, for Appellant.

Johnny F. Driggers, of Johnny F. Driggers, Esq., of
Goose Creek, for Respondent.

_____

**PER CURIAM:** Rigoberto Ortega appeals the circuit court's order denying his
Rule 55(c), SCRCP, motion to set aside an entry of default. We dismiss the appeal
pursuant to Rule 220(b), SCACR, and the following authorities: Rule 201(a),
SCACR ("Appeal may be taken, as provided by law, from any final judgment,
appealable order or decision."); *Hagood v. Sommerville*, 362 S.C. 191, 194, 607

S.E.2d 707, 708 (2005) ("An appeal ordinarily may be pursued only after a party has obtained a final judgment."); *Thynes v. Lloyd*, 294 S.C. 152, 153, 363 S.E.2d 122, 122 (Ct. App. 1987) ("[A]n order refusing to grant relief from the entry of default [under Rule 55(c), SCRCP] is not appealable until after final judgment.").[1]

**DISMISSED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] Although the circuit court's order stated Ortega's motion was governed by Rule 60(b), SCRCP, we note the record indicates the circuit court had not entered a default judgment. Thus, the circuit court erred in applying Rule 60(b). *See Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 608, 681 S.E.2d 885, 887-89 (2009) (explaining a Rule 60(b) motion is only appropriate after a default judgment has been entered).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.