**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bobby E. Leopard, Luther Harris, and Donna Harris, Appellants,

v.

Perry W. Barbour, Respondent.

Appellate Case No. 2021-000269

————————

Appeal From Cherokee County
Letitia H. Verdin, Circuit Court Judge

————————

Unpublished Opinion No. 2022-UP-429
Submitted November 1, 2022 – Filed December 7, 2022

————————

**AFFIRMED**

————————

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellants.

David L. Moore, Jr., of Turner Padget Graham & Laney, PA, of Greenville, for Respondent.

————————

**PER CURIAM:** Bobby E. Leopard, Luther Harris, and Donna Harris (collectively, Appellants) appeal the circuit court's order granting Perry W. Barbour's motions for relief from the entry of default and to dismiss. On appeal,

Appellants argue the circuit court erred by (1) granting Barbour relief from the entry of default; (2) failing to find Barbour waived his affirmative defenses; and (3) failing to apply the doctrines of equitable estoppel and unclean hands. We affirm.

1. We hold the circuit court did not abuse its discretion in setting aside the entry of default as Barbour provided an explanation for the default and reasons why vacation of the entry of default would serve the ends of justice. *See Richardson v. P.V., Inc.*, 383 S.C. 610, 614, 682 S.E.2d 263, 265 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the [circuit] court."); *id.* ("The [circuit] court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. App. 1997) ("An abuse of discretion . . . occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."); *Richardson*, 383 S.C. at 616, 682 S.E.2d at 266 ("The standard for granting relief from an entry of default is good cause under Rule 55(c), SCRCP, while the standard is more rigorous for granting relief from a default judgment under Rule 60(b), SCRCP."); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) (stating the good cause standard "requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice"); *id.* at 608, 681 S.E.2d at 889 (explaining the Rule 60(b) factors of mistake, inadvertence, surprise, or excusable neglect "are indeed relevant to a Rule 55(c) analysis, but only insomuch as proof of any one of these factors is sufficient to show 'good cause'"); *McClurg v. Deaton*, 380 S.C. 563, 567-68, 573, 671 S.E.2d 87, 89-90, 92 (Ct. App. 2008) (holding employer and employee met the requirements of surprise or excusable neglect under Rule 60(b)(1) when the plaintiffs had negotiated with the employer and employee's insurer, sent the insurer a draft complaint naming the employer and employee as defendants, and stated they would send insurer a copy of the complaint, but brought suit against only the employee, who had left his employment with employer, and the insurer was not aware that the action was filed until after the plaintiffs received a default judgment), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011). In addition, we hold Barbour timely moved for relief upon receiving notice of the entry of default, he presented meritorious defenses in his proposed answer, and Appellants were not prejudiced by Barbour's delay in answering the complaint. *See Sundown*, 383 S.C. at 607-08, 681 S.E.2d at 888 ("Once a party has put forth a satisfactory explanation for the default, the [circuit] court must also consider: (1) the timing of the motion

for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted."); *McClurg*, 380 S.C. at 575, 671 S.E.2d at 93-94 ("To establish that he has a meritorious defense, a complainant need not show that he would prevail on the merits, but only that his defense is meritorious.").

2.  We hold the circuit court did not err in considering Barbour's affirmative defenses in granting his motion to dismiss.  After granting Barbour's motion for relief from the entry of default, the circuit court ordered Barbour's answer, in which he pled the affirmative defenses, to be entered.  *See Thynes v. Lloyd*, 294 S.C. 152, 154, 363 S.E.2d 122, 123 (Ct. App. 1987) (noting that a ruling extending the time for the defendant to answer would necessarily require granting him relief from the entry of default).

3.  We hold Barbour was not estopped from asserting the statute of limitations as a defense because Appellants failed to identify any words or conduct from Barbour that induced them to delay in filing the Cherokee County action.  *See Kleckley v. Nw. Nat'l Cas. Co.*, 338 S.C. 131, 136, 526 S.E.2d 218, 220 (2000) ("[A] defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendant's conduct." (quoting *Black v. Lexington Sch. Dist. No. 2*, 327 S.C. 55, 488 S.E.2d 327 (1997))).  We hold Appellants' argument that the doctrine of equitable tolling applies is not preserved for appellate review because they raised it for the first time in their reply brief.  *See Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use . . . the reply brief as a vehicle to argue issues not argued in the appellant's brief.").

4.  We hold the doctrine of unclean hands does not apply.  Barbour's failure to update his address with his home state's department of motor vehicles did not prejudice Appellants because they filed this action after the statute of limitations had run, making service immaterial.  Additionally, Barbour's driving record was irrelevant to his assertion of the statute of limitations defense.  *See First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct. App. 1998) ("The doctrine of unclean hands precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant."); *McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 350, 479 S.E.2d 67, 78 (Ct. App. 1996) ("An appellant seeking reversal must show error and prejudice.").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

<hr>

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.